By the Court—Comstock, Ch. J.
 

 The only direct evidence - of the prisoner’s guilt was given by his accomplice, Griffin. It was a part of his story, that, on the night of the arson, he and
 
 *579
 
 his confederates were at the house of William T. Huggins; that they went to bed there at an early hour; that they after-wards got up, went and committed the crime, and then returned to bed in the same house. The defendant produced no evidence to show that he was not at the house of Willianf T. Huggins on that night; and the judge instructed the jury that they might, if they thought proper, take this omission into consideration as a circumstance which corroborated the evidence of Griffin. To this instruction, the defendant excepted. The question was raised, and the exception repeated in various forms, which do not require a particular statement.
 

 On the argument in this court, it has been urged that, inasmuch as no conviction could be had upon the uncorroborated evidence of Griffin, the prisoner was not put on the defensive, and was not bound to .contradict, even if he could, any of the circumstances related against him. To this it might be answered, that the witness was not wholly uncorroborated. There was other evidence tending to strengthen his statement in several particulars. But there is no rule of law which prevents a conviction on the testimony of an accomplice alone. The utmost caution should undoubtedly be exercised; but juries are, nevertheless, at liberty to convict on the unsupported testimony of a confederate in the crime. Mr. Greenleaf thus states the rule, and, we think, correctly: “ The
 
 degree, of credit
 
 which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. It has been sometimes said that they ought not to believe him unless his testimony is corroborated by other eviden.ce; and, without doubt, great caution in weighing such testimony is dictated by prudence and good reason. But there is no such rule of law; it being expressly conceded that the jury may, if they please, act upon the evidence of the accomplice without any confirmation of his statement.” (1 Greenl. Ev., § 380.) What the author further says On this point relates to the duty of the judge to give the proper advice to the jury in such cases. (See, also,
 
 The People
 
 v.
 
 Costello,
 
 1 Denio, 83; 1 Phillips’ Ev., Cowen &
 
 *580
 
 Hill’s ed., 37; 1 Chit. Grim. Law, 604.) Such being the rule, a case was made out for the consideration of the jury, and it follows that more or less importance might well be attached to the omission of the accused to contradict- the evidence, where, if it was not true, contradiction was within his power.
 

 But it is also urged that corroborative evidence is, in its nature, affirmative, and that no corroboration could be derived from the mere omission of the prisoner to show that the evidence of the accomplice was untrue in the particular referred to, The People, it is said, must convict upon the strength of their own case. Ho such proposition as this can be universally maintained. In this case, it would have been an unanswerable impeachment of the evidence of Griffin if the defendant had proved that he was not at the house of William T. Huggins during the night in question. This was a circumstance intimately connected with the story which the accomplice told, and a credible contradiction of it would have overthrown the whole statement. It is, moreover, a fair presumption that contradiction was within his power. Some of the Huggins family might testify, if such was the fact, that the defendant was not there; and he might have proved by others that he was somewhere else. I apprehend that a person accused of firing a barn on a given night, if the accusation be false, can generally show, if it be material, that he and his supposed confederates did not pass the night at a particular house in the neighborhood not his own. At all events, these were considerations for the jury; and if they believed that the defendant had it in his power to contradict this part of "Griffin’s evidence, if it was false, they might regard his omission to do so as, in some degree, strengthening the evidence of his guilt. It is true, that the fact which he ought to have disproved, if he could, did not amount to direct evidence of the crime charged upon him. It was, nevertheless, a very material circumstance in the evidence against 'him, that he and his confederates had their rendezvous at a certain house, where they passed the night, except during that portion of it while they were engaged in committing the offence. If he could disprove this circumstance, but .made no attempt
 
 *581
 
 to do so, the omission most certainly imparted a higher degree of credibility to the statement of the accomplice, and might justly influence the belief of the jury as to the truth of that statement.
 

 We are of opinion that the exceptions to the charge were not well taken, and that the judgment should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.