## CORNELIUS VANDERZEE AND HANNAH VANDER-ZEE, RESPONDENTS, *v.* JOHN B. VANDERZEE, APPELLANT.

### *Will—Leases in Fee—Words of Perpetuity.*

Where the introductory clause of a will is as follows, " And as for that worldly estate wherewith it hath pleased God to bless me, I dispose of as follows," it may be deemed to be the intention of the testator to dispose of all his estate by the will; so that a subsequent devise without words of perpetuity, may convey a fee, when there is a residuary clause in the will as to personal estate.

But where there is no residuary clause, either as to land or personal estate, and the devise has respect to land alone, it may be otherwise.

SCRUGHAM, J.—The position that Cornelius Vanderzee, Jr.,had no heritable interest in that portion of the property in question, which is described in his will as the new possession, cannot be maintained. This land consisted of two parcels, containing in all one hundred and seventy-two acres, adjoining, on either side, a parcel of one hundred and twenty acres, which was leased in fee to Cornelius Vanderzee, Jr., under written lease, dated 4th of September, 1769, by Stephen Van Rensselaer, who was at that time the owner of all the land in question.

The whole tract was claimed and possessed by Cornelius Vanderzee, Jr., as under a lease and fee, from 1790 up to and at his death in 1800, and he devised it by his will.

It does not appear that at any time during his life he paid any rent for the portion known as the new possession ; but an account was kept against him by the landlord for this rent, and a separate account for the rent of the parcel of one hundred and twenty acres described in written lease. A map and survey of the whole tract of two hundred and ninety-two acres was made in 1790, and kept by the landlord, among whose ancient papers it was lately found ; and upon the map the property is described by the words and figures, " Cornelius Vanderzee's 292 acres,"and the survey describing the whole tract of two hundred and ninety two acres commences with the words, " Cornelius Vanderzee's begins at a stake, &c." In 1814 or 1815, Storm Vanderzee who was then in possession of the whole tract, claiming to be the owner of it as

devisee of his father, Cornelius Vanderzee, Jr., settled with the landlord for all rent in arrear, from 1790 to the date of settlement. The rent of the portion known as the new possession was computed at the same rate per acre as that of the portion embraced in the written lease. And an amount was paid by him to the landlord, in compromise of his claims for rent of both portions; greatly the larger part of the sum being for the rent of the new possession. The title of Cornelius Vanderzee, Jr., as tenant in fee of the new possession, has thus been uniformly recognized by the landlord.

The circumstances warrant the presumption of a grant of a lease in fee. The will was executed and took effect before the Revised Statutes; and as the clause in it devising the property in question contained no words of inheritance, we must construe it as devising only a life estate, unless the context of the will plainly shows the intention to give the property in fee. The words in the introductory clause, " And as for that worldly estate wherewith it hath pleased God to bless me, I dispose of as follows," declare the intention of the testator to dispose of all of his estate by his will. The will in the case of Charter v. Otis (41 Barbour, 525), contained a similar introductory clause; and it was held that a subsequent devise of land, without words of perpetuity, conveyed a fee, but that case differed from this in important particulars. There the will contained a residuary clause as to personal estate, but none as to the real property, and the devise of land which was the subject of consideration was coupled with a gift of personal property in the same clause, the same words being used in disposing of both species of property. These were properly considered as circumstances strongly indicating the intention of the testator to give a fee in the land devised. The will in this case contains no residuary clause, either as to real or personal property, and the clause containing the devise in question, relates to land alone; and although the introductory clause declares the intention of the testator to dispose of all of his property, it is only the declaration of a general purpose, which he may nevertheless fail to execute. There is nothing in the devise in question which in any manner

connects it with this introductory clause, but in a subsequent part of the will the following clause occurs : " Further, I make my wife master of one-third of my aforesaid estate as long as she remains my widow, and after her marriage or death to be and belong to my aforesaid son Storm Vanderzee."

It is urged that by this use of the word " estate," the testator manifested his intention that Storm Vanderzee should take a fee in the land devised to him. That the word was used to indicate the farms given to Storm Vanderzee is quite apparent from the fact that if it referred to that " worldly estate " mentioned in the introductory clause, the devise would be inconsistent with most of the other devises in the will.

Doubtless the object of the clause in which it occurs, was to provide for the dower of the testator's wife, of which he may have thought she might be deprived by the previous devise to Storm Vanderzee of a life estate in all of his land ; and the word " estate " was used rather for description, and to distinguish the land previously devised from the personal property, than for the purpose of marking the quantity of the interest devised to Storm Vanderzee. In that previous devise the testator used language which, previous to the Revised Statutes, clearly imported a design to give only an estate for life. That he understood this, and so intended it in the first instance, is to be presumed ; and that he knew that the use of words of perpetuity was important in a devise of the entire interest in the thing devised, may fairly be inferred from his adopting them, though unnecessarily, in other parts of the will, where it is apparent he intended to confer absolute property. He gives to his wife a negro man and a mare, " to her and her heirs ; " to three of his daughters " and their heirs " each two cows ; to his five daughters and " to their heirs " each twenty dollars ; to his sons Walter and John " and to their heirs " each two hundred dollars ; to his wife his household furniture as long as she shall remain his widow, and at her marriage or death he gives it to his five daughters, " to be equally divided between them ; " and to his wife the remainder of his horses and cows as long as she shall remain his widow, and he gives them after her marriage or death to two of

his sons and his five daughters, " and to their heirs forever." Thus it will be noticed that in all these gifts of personal estate he uses words which would be sufficient, if the devises were of real estate to carry the fee to the devisees respectively.

This would seem to indicate that he believed the use of such words necessary to a devise of absolute property; and if he did so regard them, then this omission to use them in this devise of land to his son Storm Vanderzee, would clearly denote an intention that the fee should not pass.

The circumstance that no such words were used in the bequest of one dollar to his son Garrett Vanderzee, or in that of the farming utensils to Storm Vanderzee, is not altogether irreconcilable with the supposition that he believed the use of the words of perpetuity necessary to a devise of absolute property, for the first was doubtless intended merely as a formal legacy, and the second was of articles used upon and with the farm, which he may reasonably have designed should follow it, and belong to Storm only so long as he held it.

It is true that the use of the words of perpetuity in these legacies of personal estate, does not prove that the testator believed them necessary to every devise of the entire interest in the thing devised, but the presumption to that effect is certainly as reasonable and consistent with the circumstances as any other which they warrant; and in its presence it is impossible to say that it is clear, from the face of the will, that the testator intended to devise an estate in fee to Storm Vanderzee.

The judgment should be affirmed.

JOEL TIFFANY,

State Reporter.
