WILLIAM P. VAN RENSSELAER, RESPONDENT, *v.* WIL-
LIAM BARRINGER; THE SAME *v.* GEORGE DE
GRAFF (TWO CASES); THE SAME *v.* PHILIP G. HAUER;
THE SAME *v.* JOHANNES B. DIETZ; AND THE SAME
*v.* JOHN WHEELER (TWO CASES), APPELLANTS.

*Grant—Reservation—Rent—Re-entry—Party in Interest—Referee's Report—
Findings of Fact—Variance.*

Where lands are granted in fee with a reservation to the grantor, his heirs
and assigns, of a yearly rent, with covenants by the grantee for the payment
of such rent, and a right to the grantor, his heirs and assigns, to re-enter upon
breach of such covenant, the condition is valid; the covenant runs with the
land; the devisee of the grantor is entitled to enforce the covenant and avail
himself of the condition against the grantee; or against his assignee, by an
action on the covenant, or by an entry and ejectment for breach of the con-
dition. These rights are not inconsistent with the general proposition, that
the tenure of all lands in the State of New York is of the State, as that propo-
sition is stated in Van Rensselaer *v.* Dennison (35 N. Y. 393).

Where in such case the devisee of the grantor brought ejectment against the
assignee of the grantee in possession, and it appeared that before the com-
mencement of the action the Plaintiff had made an executory contract for the
sale of the rents reserved in the grant, and the covenants, etc., therein, and the
indentures, etc., relating thereto, to be conveyed upon certain several future pay-
ments by the purchaser, and in default of payment the prior payments to be
forfeited and the Plaintiff to be released thereby from performance, but until
default the purchaser to be at liberty to collect all rents in arrear—Held, that
the Plaintiff was nevertheless the real party in interest, and could maintain
the action.

Whether an objection that the purchaser should have joined as Plaintiff,
if taken in the answer, would have been sustained—Quære?

A conveyance by the Plaintiff pendente lite, although made in pursuance of
such executory agreement, does not take effect by relation to the date of the
agreement so as to defeat the action.

Where a referee, after finding all the facts above adverted to, and a breach
of the condition of the grant by non-payment of the rent, and that the Plain-
tiff, by reason of such breach, is entitled to recover the land, and that the estate
of the Plaintiff therein, by reason of such breach and his re-entry, is an estate
in fee, inserts in the case containing all the evidence, a finding or conclusion,
" that the Defendant was, at the commencement of the action, and had been for
years prior thereto, the owner in fee of the said premises, and held them im-
mediately of the State, and that the contract upon which the action is brought

was one of the assignments by means whereof the title came to the Defendant, and that the Plaintiff had, when the action was commenced, no estate or interest in the premises"—such conclusion must be disregarded, as in conflict with the law, inconsistent with the facts found and with the conclusion of the referee upon the whole case, that the Plaintiff is entitled to recover.

THESE seven cases were submitted on the argument of the first, as being alike in their material facts, and depending upon the same questions of law.

The first-mentioned action comes to this Court on appeal from a judgment rendered for the Plaintiff on the report of a referee, and affirmed by the Supreme Court, in General Term, in the Third District.

The action is brought to recover the possession of certain lands in the town of North Greenbush, in the County of Rensselaer, claimed by the Plaintiff, in fee, by reason of the breach of the condition in the grant from Stephen Van Rensselaer to Robert Smith, under which the Defendant held; in which grant a yearly rent of eighteen skipples of good merchantable wheat, four fat hens, and one day's service with carriage and horses, were reserved to Stephen Van Rensselaer (devisor of the Plaintiff), his heirs and assigns, with covenants by the grantee for the payment of such rent, and right to the grantor, his heirs and assigns, to re-enter, to have, repossess, and enjoy the lands granted, upon breach of such covenant, and to expel, put out and remove the grantee, his heirs and assigns, and all others therefrom.

The terms of the grant by Stephen Van Rensselaer to Robert Smith, and the devise to the Plaintiff, were (save in the name of the grantee) like the grant and devise fully described in Van Rensselaer *v.* Dennison (reported 35 New York R. 393), and it is not necessary to repeat them here.

The referee found the execution and delivery of the instrument or lease in fee to Robert Smith, above mentioned; that the same was executed by Robert Smith; that the said Stephen Van Rensselaer was, at the time of the execution thereof, seized in fee of the premises in question; that the Plaintiff, by devise from Stephen Van Rensselaer, and other transfers and re-transfers in the complaint mentioned, became the owner in fee of the rents

reserved in the said indenture, with the covenants and conditions in said indenture contained, and "of whatever interest the lessor retained in the premises," and has continued such owner ever since, and that all the rights of said covenantee (Stephen Van Rensselaer) came to the Plaintiff and remained in him at the commencement of this action; that the Defendant entered upon the premises under title derived through the said indenture or lease in fee (from Stephen Van Rensselaer to Robert Smith) and through the grantee or lessee therein named; that no part of the rent accruing on said lease in fee, on the 2d day of January, 1862, was ever paid or discharged, although the same was duly demanded on that day, at the place in such lease mentioned for the payment thereof; and a large amount of the rent accruing on said indenture previously to said January, 1862, also remains unpaid.

The case also states (though nothing on the subject is contained in the report of the referee) "that the referee also found the following facts:" The agreement of sale made between the Plaintiff "and James Kidd, dated May 3d, 1861, which embraced the demands in controversy."

"2d. The deed of conveyance from the Plaintiff to James Kidd and Peter Cagger, dated August 12th, 1864, in pursuance and consummation of the said agreement of sale;" and besides the findings above stated, is another in, these words:

"4th. That the Defendant was, at the time of the commencement of the action, and had been for years prior thereto, the owner in fee of said premises, and held the same immediately of the State, and that the contract upon which the action is brought was one of the assignments by means whereof the title came to the Defendant, and that the Plaintiff had, when the action was commenced, no estate or interest in the premises."

The report of the referee further stated, that the Defendant unlawfully withheld the possession of the premises from the Plaintiff at the time of the commencement of this action, and still unlawfully withholds the possession thereof from the Plaintiff.

And his "conclusions of law are, that Plaintiff is entitled to recover from Defendant the possession of said premises . . . .

and that the estate which Plaintiff has established on the trial is an estate in fee, and that Plaintiff should have judgment accordingly, with costs of this action."

The agreement with James Kidd, mentioned by the referee, as it appears by the evidence, and dated May 3d, 1861, was a contract to sell, upon the payments therein mentioned being made, the rents reserved or granted out of and charged upon, or arising from, certain lands, under, upon or by virtue of the grants or leases in fee mentioned in the schedule annexed thereto, and the indentures or leases pertaining thereto, and the lands, estates, hereditaments, . . . . covenants, rights, . . . . conditions, remedies, &c., &c., and all the services, wheat, fowls, money, &c., in which said rents are now reserved or are payable, and all rents now in arrears and unpaid, &c., &c.  The said Kidd agreed to pay therefor $41,983.64, and interest from April 1st, 1861—that is to say, $3,847.24 at the present time; $23,000 in three years from April 1st, 1861, with interest, payable quarterly; and $15,136.40 and interest, whenever demanded by the said Van Rensselaer, or by the holder of a certain mortgage on which that sum was then due and unpaid.

Upon the payments being made, the premises, leases, &c., were to be conveyed, and from time to time a portion thereof, in proportion to the amounts paid, estimated in a manner specified.

Kidd was to have authority to receive, collect and sue for, in the name of Van Rensselaer, any and all of said rents in arrear, unless such authority should be revoked, upon any default of payment, as required by the agreement.  And if any such default should continue twenty days, all previous payments should be forfeited, and the said Van Rensselaer be fully released and discharged from all obligation to carry out or perform the contract.

On the trial a deed from the Plaintiff to James Kidd and Peter Cagger, dated August 12th, 1864, was read in evidence, conveying " all his right and interest in the claims involved in this action, and all his interest and right in the said premises to the grantee therein, in pursuance or consummation of his said contract with James Kidd."

The present action was commenced on the 27th of June, 1862;

and the case, on the appeal, is certified to contain all the evidence taken before the referee.

*Anson Bingham* for Appellant.

*S. Hand* for the Respondent.

WOODRUFF, J.—I have endeavored carefully to inquire, aided by the ingenious argument of the counsel for the Appellant, and my best examination fails entirely to discover that this case differs in any particular whatever from those in which it has heretofore been repeatedly held in this Court, that under and by virtue of the conveyance in fee from Stephen Van Rensselaer to various parties, of which the grant or conveyance to Robert Smith, now in question, was one, and by virtue of the devise by Stephen Van Rensselaer to the Plaintiff the latter became entitled to enforce against the said Robert Smith, and his assigns, the covenants therein for the payment of the rents therein mentioned, and to enforce the condition for the payment of such rents, by entry, and to maintain an action for, and recover the possession of the lands upon breach of such condition, by non-payment of the rents when due.

Omitting the employment of technical terms, and without reiterating the legal rules and principles by which it has been, with great ability and various learning, demonstrated, the practical result is as above expressed.

The argument and brief submitted on this appeal is a re-argument of this proposition, upon the apparent assumption that the legal effect of the original grant, and the rights and liabilities of the parties claiming under the same, were open questions.

It seems to me that the simple result of the cases which I have stated is definitely and conclusively established.

In the case referred to and relied upon by the counsel for the Appellant, decided in 1852 (De Peyster *v.* Michael, 6 N. Y. 468), the validity of a condition for the payment of rent reserved on a grant in fee, and the right of the assignee of the grantor to enter for condition broken by the assignee of the grantee, is not only not denied, but distinctly recognized.

In Van Rensselaer *v.* Hays (19 N. Y. 68) the question arose

under a conveyance in fee by Stephen Van Rensselaer, in the same form as now in question, and the parties were the devisee of the grantor, Plaintiff, and the assignee of the grantee, in possession, Defendant; and it was held that the Plaintiff could maintain an action in his own name for the rent covenanted to be paid.

In Van Rensselaer v. Ball (id. 100) it was held that the present Plaintiff was (under circumstances, in all respects material to this point, identical with those now before the Court) entitled to enter, upon breach of the condition for the payment of the rent, maintain an action for and recover the possession of the lands.

In Van Rensselaer v. Read (26 N. Y. 558) the decision in Van Rensselaer v. Hays is re-examined, and the right of the devisee of Stephen Van Rensselaer to maintain an action on the covenant for the rent, against the assignee of the grantee in possession of the land, is again most distinctly affirmed.

And in Van Rensselaer v. Slingerland (id. 580) the case of Van Rensselaer v. Ball was further examined, and the effect of the act of 1860 considered; and again the right of the present Plaintiff to maintain an action against the assignee of the grantee, and recover the possession of the lands for the breach of the condition for the payment of the rent, is affirmed.

And again, in Van Rensselaer v. Dennison (35 N. Y. 393), in reference to one of these same conveyances by the Plaintiff's devisor, it is declared that, although a grant in fee, the reservation of a perpetual yearly rent as a condition of the estate, is valid, and that such condition runs with the land, and binds the heirs and assigns of the original grantee; and that the present Plaintiff, the devisee of the original grantor, on breach of the condition is entitled to recover the land. The discussion in each of these cases refers to numerous earlier cases, in which the principles decided lead to the result, and we are referred to others in the Supreme Court, and still others, including the more recent case of Vanderzee v. Vanderzee in this Court, to the like effect (36 N. Y. 231).

When to this it is added that in no case has the right of the Plaintiff, in a case like the present, to recover possession for a

breach of such condition, been denied, we have no alternative but to say it is settled.

It would be wholly unprofitable, if it were possible, to go again, by way of either dissertation or argument, over the discussion fully, ably, and with great research exhibited in the cases referred to.

It would, in my judgment, be neither useful nor proper to treat the question as an open one. There is therefore but a single question in this case which calls for any further consideration. In Van Rensselaer v. Dennison, the contract with James Kidd, which was produced in evidence in this case, was before the Court; but it did not appear that this contract included the indenture and rents then in question. But the force and effect of a similar contract with one Church was considered in the opinion of the Court, and was deemed no impediment to the Plaintiff's recovery.

The referee, however, found in that case, that Church did not, in fact, perform the condition of prepayment of the amount required by the agreement, and so the condition upon which he was to be invested with absolute title was never performed.

In the case now before us the agreement with Kidd is shown to embrace the premises, and it is therefore not immaterial to consider what effect the existence of such an executory agreement, outstanding at the time this action was brought, should have upon the right to maintain the action.

And this question could never arise, except for that provision in our Code of Procedure which requires all actions to be brought in the name of the real party in interest, for there is no pretence that, by force of that agreement, *any legal title* to the premises, or to the rents, or to the re-entry, had passed to James Kidd. Upon making the payments provided for in the agreement he was to receive grants, assignments, and conveyance thereof. But it was neither proved nor found that, at the time this action was commenced, he had paid anything except the sum acknowledged to have been paid at the execution of the contract; and if he did not make subsequent payments, he was not to receive title, but the Plaintiff was thereby released from the contract.

It cannot, upon this state of facts, be seriously argued that the

Plaintiff had not an interest in the subject-matter of the action, or that the right of recovery, if it existed, did not continue in him, and, if so, the action was properly brought in his name. Non constat, at that time, that Kidd would ever become entitled to the rents, or to the possession of the premises, on default of their payment.

The utmost that could be plausibly suggested is, that Kidd, by virtue of the contract, had acquired such an interest that he might have been a proper party, jointly with the Plaintiff. If this were so, no such objection was taken in the Court below, and no such objection can now be urged.

The fact that, two years afterwards, the Plaintiff executed a conveyance, in consummation of the contract, to Messrs. Kidd and Cagger, is wholy immaterial. There was no propriety in admitting such fact into the case on the trial. Had it been of any importance it should have been set up by supplemental pleading, so far as to constitute the subject of an issue or avoidance. But whether pleaded or not, proved or not, it could not affect the result; it was a transfer of the cause of action after suit brought. The argument urged upon us, that when made it operated by relation retrospectively to pass all the interests embraced in the original executory contract, does not make the act itself any earlier; it is a transfer, pendente lite, whatever it carries with it by relation or otherwise. Such a transfer does not abate the action. It may still be prosecuted in the name of the Plaintiff (Code, 121).

It is proper to notice the somewhat extraordinary and apparently inconsistent statement in the case, that the referee found " that the Defendant was, at the commencement of the action, and had been for years prior thereto, the owner in fee of said premises, and held the same immediately of the State, and that the contract upon which the action is brought was one of the assignments by means whereof the title came to the Defendant, and that the Plaintiff had, when the action was commenced, no estate or interest in the premises."

All the proofs which were given on the trial are certified to be set forth in the case. Those proofs, and the other findings of the

referee, show, conclusively, that the Defendant's title, and his sole title, is under and by virtue of the conveyance from Stephen Van Rensselaer, the Plaintiff's devisor, reserving rents, &c., as above mentioned; and the same proofs and findings show that the Plaintiff has succeeded to all the rights reserved to the grantor by force of that conveyance.

To say, then, that the Defendant held immediately of the State could, consistently with his finding of facts not disputed, only import that, although he held of Van Rensselaer, and under and by virtue of his conveyance, his tenure was nevertheless of the State; that as a question of law arising under our statutes, or existing in our earlier history, he held as all our lands are held, of the State, and to say, in the face of the express finding of the facts, and in the face of the repeated decisions of the Courts (some of which are herein referred to), that the Plaintiff, who was entitled to the rents arising from the land, who could maintain an action to recover them, who could enter upon the land in case of non-payment, who could maintain an action and recover the possession of the lands for the breach of the condition by non-payment—a condition of the Defendant's title enuring to the Plaintiff's benefit, by which such title might be divested and become vested in the Plaintiff—to say that after condition broken the Plaintiff had no estate or interest in the premises, was to give a legal construction to the rights of the parties wholly unwarranted, and itself at variance with the conclusion of the referee, that the Plaintiff was entitled to recover.

The conclusion of the referee upon the whole case was in conformity with the law as settled in the previous cases, and it is clear that the apparent error in the Defendant's favor in some of the language of the case, furnishes no ground for disturbing the judgment.

The judgment must be affirmed.

And, as the other six cases were submitted to abide the decision of the first, the like affirmance must follow in each.

All concur.   Affirmed.