FRANKLIN W. BROOKS, Appellant, *v.* CHRISTIAN A. STEEN, Impleaded, etc., Respondent.

*Party plaintiff—failure to testify on trial.*

Where a plaintiff, having personal knowledge of the transaction which is the foundation of the action, does not appear or testify on the trial, it is proper for the court to charge the jury, that if they find his absence to be a suspicious circumstance, and that it was plaintiff's duty to have testified and given to the jury all he knew in regard to the transaction, that then they must assume that the reason he had not done so, was, that he was afraid to do so, and it must be taken as a suspicious circumstance, throwing suspicion upon his case.

Appeal from a judgment in favor of the defendant, entered on a verdict. The question in the case was upon the propriety of the following portion of the judge's charge:

" It is claimed on the part of the defendant Simon, that it is a very extraordinary circumstance, in view of the defense set up in this case and the circumstances surrounding the inception of the note, that Brooks has not made his appearance in the court-room, and that he has not been examined as a witness. It appears that Brooks did know what the transaction was, and that it was made by himself; but he has not been called as a witness. That is a circumstance for you to consider; whether Brooks' absence is a suspicious circumstance. If you find it is, and that it was his duty to have testified, and given you all he might know in regard to the transaction, then you must assume that the reason he has not done so, is that he was afraid to do so, and it must be taken as a suspicious circumstance, certainly, throwing suspicion upon his case."

*D. M. Porter*, for the appellant.

*A. J. Vanderpoel*, for the respondent.

DAVIS, P. J.:

The plaintiff brought this action upon a note given to himself, made by the defendant Steen, and signed with his name. He alleged that the note was in fact made by all the defendants as copartners, and in substance that the name " Christian A. Steen " was their firm name.

There was abundance of evidence in the case to throw suspicion upon the character of the transaction. Brooks, the plaintiff, did not appear on the trial, and was not sworn as a witness. From his own averments in the complaint, it appears that he knew what the transaction was upon which the note was given, and that it was made by himself, personally.

The court submitted to the jury whether his absence as a witness was in fact a suspicious circumstance, and told them that if they found that it was a suspicous circumstance, and that it was Brooks' duty to have testified, and given to the jury all he knew in regard to the transaction, that then they must assume that the reason he had not done so, was, that he was afraid to do so, and must be taken as a circumstance throwing suspicion upon the case.

Whether this part of the charge was erroneous or not, is the only question made by the appellant's counsel. We think it was not erroneous, and that the judge was quite right, under all the circumstances of the case, in submitting to the jury the plaintiff's absence as a circumstance for them to consider, and in instructing them that if they found such absence to be of a suspicious character, it would certainly throw suspicion upon his case. The plaintiff must be presumed to have known that his case was on trial, and, in the absence of evidence tending to explain his non-attendance by reason of inability from any cause, there is no reason for finding fault with the presumptions which the court allowed the jury to indulge. The case is within the principle laid down by the court in *Gordon* v. *The People* (33 N. Y., 501), and *The People* v. *Dyle* (21 N. Y., 578).

The judgment must be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.