Supreme Court—General Term—Fourth Department.

*April,* 1885.

## PEOPLE *v.* THOMSEN.

EVIDENCE OF ACCOMPLICE.—CODE CRIM. PRO. § 399.

Though there be other evidence besides that of an accomplice, which if believed tends to connect defendant with the commission of the crime charged, defendant is entitled to have the jury instructed that no conviction can be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime.

APPEAL by Henry A. Thomsen, defendant, from judgment of the Court of Sessions, of Onondaga County, Hon. A. J. NORTHRUP, presiding, of November 17, 1883, convicting him of removing a dead body of a human being from a grave without the authority of law, with intent to sell the same.

The facts appear in the opinion.

*Goodelle & Nottingham,* for appellant.

*Ceylon H. Lewis,* district attorney, for the people, respondent.

HARDIN, P. J.—Edwin R. Harmon died at Camillus, March 18, 1883. The body was buried in the cemetery at Camillus, March 20, 1883. On March 25, it was discovered that the grave had been broken open and the body removed therefrom, with the clothing buried therewith. A search was made through the College of Medicine of Syracuse University, and the body was found in the dissecting-room of that college, in an old packing trunk.

Upon the trial, Dr. Frederick A. Smith, Demonstrator of Anatomy of the College, was called as a witness, and identified

the defendant as the man who, on Monday morning, March 26, offered to sell the body, and who called in the course of the day to get his pay.

Carl Henckle was called, and testified to admissions and declarations of the defendant, tending to establish the crime charged in the indictment under the statute, as amended by chap. 24 of the Laws of 1879. See 7 ed., 3 *R. S.* 354; Rhodes *v.* Brandt, 21 *Hun*, 1. That statute also declares that every person who shall purchase or receive the dead body of any human being, knowing the same to have been disinterred contrary to the provisions of the statute, shall, upon conviction, be subject to punishment prescribed.

The evidence given upon the trial tended strongly to establish that Henckle was an accomplice in the crime charged against the defendant, and, if believed, to establish the guilt of the defendant. In the course of the charge of the court to the jury, a request was made to the effect that the evidence was insufficient to convict the defendant, if the evidence of Henckle was laid aside. The court did not yield to the request, and said, that is for the jury to determine, and not the court. The defendant excepted. Thereupon the court was requested to charge, viz.: "A conviction cannot be had on the evidence of an accomplice alone;" and the court said, "That I decline to charge." Defendant excepted.

This was followed with the following request, viz.: "A conviction cannot be had upon the uncorroborated evidence of the accomplices." The court declined, and defendant excepted.

This was followed by another request, viz.: If the jury find that Dr. Smith and Carl Henckle are accomplices in this crime charged, then upon their uncorroborated evidence, the defendant cannot be convicted. The court said, "That I decline to charge;" and the defendant excepted.

Section 399 of the Code of Criminal Procedure introduces a new rule as to an accomplice's evidence. Prior to that section, a jury might convict upon such evidence alone. People *v.* Costello, 1 *Denio*, 83; People *v.* Dyle, 21 *N. Y.* 578; Linsday *v.* People, 63 *N. Y.* 154; People *v.* Williams, 29 *Hun*, 523; 1 *N. Y. Crim.* 336.

Now, a conviction cannot be had upon the testimony of an

accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime. People *v.* Williams, *supra.*

The defendant was entitled to have the court instruct the jury that a conviction could not be had upon the testimony of an accomplice alone, and that no conviction could take place upon the evidence of an accomplice, unless corroborated by such other evidence as tends to connect the defendant with the commission of the crime.

Though it should be conceded that there was other evidence which, if believed, tended to connect the defendant with the commission of the crime, the defendant would be entitled to have this rule prescribed by the statute laid down to the jury. It was for the jury to say whether they should believe this other evidence, and if they came to the conclusion not to believe it, or that it was insufficient to remove all reasonable doubts, then this rule of law given by the statute would be pertinent, and we think the court ought to have stated the rule found in the statute which we have referred to. We are not prepared to say that the error into which the court fell worked no wrong to the defendant. We cannot, therefore, under the authorities, disregard this error. Stokes *v.* People, 53 *N. Y.* 183; Hilsley *v.* Palmer, 32 *Hun,* 474.

It would be arbitrary and contrary to the authorities, if we should assume to usurp the province of the jury, and say that the evidence other than that given by Henckle was sufficient to convict. Whatever our views may be in that regard, the defendant was entitled to have a trial by jury properly conducted. Until such a trial has been had, it is not our province to adjudge him guilty. We think there must be a new trial.

Judgment and conviction reversed, and a new trial ordered in the Court of Sessions of Onondaga county.

BOARDMAN and FOLLETT, JJ., concur.