Archibald C. Wbmple, J.
In the instant case the defendant has pled guilty to a charge of being a common gambler. Now he seeks return of $988 United States currency found on his person at the time of his arrest, and also the return of a radio, a clock and several hundred poker chips bearing his initial found on the premises where the arrest was made.
The testimony clearly shows that the hub of the gambling operation was in the third floor attic of the premises and that the defendant’s brother was in charge there behind a barred door. In order to do business he was equipped with a telephone or telephones to the outside world and intercommunication with the defendant on the first floor. The defendant openly admitted that he was the “ look out ” in case the police made an official but unexpected call.
There is nothing in the testimony to show that the defendant was actually engaged in gambling at the time of his arrest. However, obviously, if he was a ‘ ‘ look out ’ ’ or aided or participated in the commission of a crime, he was “ipso facto” a “ principal ” within the purview of sections 2 and 27 of the Penal Law.
Now, in the case at bar, the defendant testified that the money in question was to be used in the purchase of the real property and was neither the ‘ ‘ fruit ’ ’ of gambling nor was it being used in the illegal venture. Indeed, no gambling slips were found in the defendant’s possession or on his person. Also, the *218 radio in question, while capable of use in getting racing results, was located' near the defendant on the first floor. There was again no proof of its actual use in the crime charged. Therefore, this court orders the return of the money and the radio to the defendant on the basis that no taint of gambling was attributable to either of these items.
As to the clock located on the third floor where gambling was in operation and as to the poker chips which have a close affinity to games of chance, this court will order their destruction or, if possible, their placement in a locale where their use can be more innocently and properly employed. As to their final disposition, this court directs the District Attorney to determine in accordance with the law.
Enter order accordingly.