Edward T. Sullivan, J.
The three above-named defendants jointly appeal from separate judgments of conviction of criminal trespass fourth degree (Penal Law, § 140.05) after a full trial before a single-Judge court without jury, Justice Jerome, Town of Clifton Park, Saratoga County, New York. Each defendant was fined $25. On the date of the alleged offense, May 17, 1970, criminal trespass in the fourth degree was designated as a violation, a minor infraction of the Penal Law, one step below the Class B misdemeanor crime.
The format of the Penal Law, revised effective September 1, 1967, contains in the beginning thereof definition of terms of general use which apply to all articles contained in this chapter of the Consolidated Laws. To simplify the statutory phraseology for each specific crime and degree thereof contained in each article of this chapter, the opening, or lower-numbered sections, of each article contain definitions of the terms used in that particular article. This permits short definitions of specific crimes or degrees of a specific crime and avoids repetitious definitions throughout the article. The essential elements of criminal trespass in the fourth degree in effect at the time were: “ Knowingly enters or remains unlawfully in or upon premises.” “Knowingly” is a term generally defined and by subdivision 2 of section 15.05, applicable to the entire Penal Law, states: “ A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists ”. No problem arises with the term “ premises ” since by subdivision 1 of section 140.00 of the Penal Law, the first section of the article in question, it includes any real property. The phrase “ enters or remains unlawfully” is not so simple. It states: “A person ‘ enters or remains unlawfully ’ in or upon premises when he is not licensed or privileged to do so.” After specifying how this phrase is applicable under the statute to public buildings and partially public buildings, *693 the subdivision contains an all-important statutory exception as follows: “ A person who enters or remains upon unimproved and apparently unused land, which is neither fenced nor otherwise enclosed in a manner designed to exclude intruders, does so with license and privilege unless notice against trespass is personally communicated to him by the owner of such land or other authorized person, or unless such notice is given by posting in a conspicuous manner.” Section 140.00 is the first section of the article covering criminal trespass and burglary. The opening words of the section are: “The following definitions are applicable to this article: ” It follows, therefore, that the exception is a part of the enacting clause of the statute. It has long been held in this State that a statutory exception in an enacting clause of a penal statute must be negated by allegation and proof by the prosecution in order to charge and prove the intended offense. (People v. Bailey, 60 Misc 2d 283; People v. Devinny, 227 N. Y. 397 and in 105 Misc. 555; also People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707; People v. Stedeker, 175 N. Y. 57.) Briefly stated, the burden on the prosecution of negativing statutory exceptions applies where the existence of the exception .relieves the act charged of its criminality. (See People v. Pierce, 11 Hun 633.)
The arresting officer testified that there were not any types of signs. The proof presented by the prosecution established that there were no residences within a mile of this location and that the alleged site of the violation charged on the criminal side of the court occurred on unimproved and apparently unused land which was neither fenced nor otherwise enclosed in a manner designed to exclude intruders, which gave the defendants license and privilege to be there unless notice against trespass was personally communicated to them by the owner of such land or other authorized person.
The prosecution failed to negative the statutory exception, either by allegation in the information or by proof at the trial.
According to the arresting officer, the open area where these three defendants and some 12 other young people were gathered is reached by turning off Ferry Road into a single lane called Tow Path Road, passing between two iron posts and proceeding about three-quarters to one mile. The arresting officer testified that there was no chain across between the posts when he drove through, and that he had in the past seen the chain across between the posts. He testified that on the night of the incident he did not examine the chain. There was uncontradicted testimony by a person who was not at the gathering between *694 12:00 and 1:00 a.m., which gave .rise to these charges, that he examined the chain on the following day and that it was embedded in mud, overgrown with weeds and it was very rusty. This same witness further testified that he had never observed the chain up. County Court, as an intermediate appellate court, holds that this element was not proved beyond a reasonable doubt, and is legally insufficient to establish that the area in question was ‘1 otherwise enclosed in a manner designed to exclude intruders ”. At most it could indicate that vehicles should not enter, and these defendants were not charged with such a criminal act.
There was no allegation, nor was there any proof of personal communication to any defendant of notice against trespass by the owner of such land or other authorized person. On the oral argument of the appeal, the prosecution attempted to negate the statutory license and privilege of these defendants contained in the exception aforesaid by contending that the arresting officer, who talked with the defendants and the others, and who was a Deputy Sheriff of Saratoga County, N. Y., was an authorized person who could communicate the notice of trespass to the defendants by the owner. This contention is rejected. While he is a peace officer in the State of New York and is an employee and police officer of the County of Saratoga, a municipal political subdivision of the State of New York, this cannot be said to give him the authority to change by verbal proclamation a status lawful by reason of statutory license and privilege into an illegal status justifying a criminal arrest and supporting a charge of criminal trespass. He would have to have specific written authority to speak for an absent owner under such circumstances. Ownership, itself, was not properly proved by containing the statement of the State’s ownership in a direct question by the prosecuting attorney to which the witness answered with an affirmative. A defendant, by his plea of 1 ‘ not guilty ’ ’ places in issue every material element of the crime charged. The essential elements in these cases — the ownership of the property; the authority to speak for the owner, and sufficient notice of trespass from the owner to the members of the public, including these defendants, that their remaining on the property henceforth would be the basis of a criminal charge of trespass if they defied his order to leave — could not be adequately proved by the methods selected by the prosecution. It is not even contended that the arresting officer gave notice to these defendants and the others prior to their entry upon the premises.
*695 It is the holding of the County Court, as an intermediate appellate court, that the allegations of the information and the proof presented at the trial thereunder are legally insufficient as a matter of law to sustain the charge of criminal trespass fourth degree.
The judgment of conviction of each of the above-named defendants is respectively reversed and vacated. The respective information charging each of the above-named defendants with the violation of criminal trespass in the fourth degree, is dismissed upon the merits and with prejudice. The respective fines paid by each of the above-named defendants are ordered to be remitted to each respective-named defendant.