George W. Marthew, J.
Defendant has moved this court for an order suppressing evidence obtained by a seizure without warrant and for an order dismissing the indictment herein.
The evidence sought to be suppressed consists of an International Harvester model 500 gas-driven bulldozer/loader and a one-half ton gasoline driven roller.
The defendant is charged by indictment with criminal possession of stolen property in the first degree in violation of section 165.50 of the Penal Law, the property described in the indictment being the above-mentioned bulldozer and roller.
The facts as presented upon the hearing on this motion are not controverted. Trooper Plumley, the sole witness, testified that in November of 1970 he received a telephone call from investigator Wachtel of the State Police Bureau of Criminal Investigation in Ulster County. Investigator Wachtel asked that a check be made of land ownership records in Hamilton County to determine whether the defendant owned real property in that county and, if so, to look for a bulldozer and roller on that property. Investigator Wachtel informed Trooper Plumley that the defendant was a suspect in a criminal investigation, It was determined that a parcel of real property in this county was owned by the defendant jointly with another in Long Lake. On about November 12, the day after receiving the telephone request, Trooper Plumley, in a State Police vehicle, visited the Muller property. He drove the patrol car along a road or driveway through a trailer park which fronts on the main highway and parked it approximately 100 feet from the start of the Muller property. He then proceeded on foot onto the Muller property and after traversing some 100 feet he saw the bulldozer about *656 100 feet ahead in a wooded area adjacent to the road or driveway. Camp type buildings on the property were located about 150 feet from the bulldozer. The property was not fenced or otherwise enclosed, nor were any signs observed posting the property against trespassing. At the time the bulldozer was observed it was covered with a tarpaulin to several feet above the ground. The tracks could be observed without removing the tarpaulin. Trooper Plumley also testified that upon lifting the tarpaulin he recognized that the bulldozer fit the general description which had been given him by Investigator Wachtel. About one week later Trooper Plumley, accompanied by one Joseph Mayone, revisited the property and the bulldozer was identified by Mayone as belonging to him. Thereupon Mayone removed the machine from the property of Muller.
The one-half ton gasoline driven roller was subsequently discovered upon property of one Joe LeBlane and the defendant urges that such evidence is tainted by the seizure which produced the bulldozer.
Since the seizure was without warrant, the sole questions presented are whether the defendant is a person aggrieved and whether the seizure was unlawful. If both' of these questions are answered in the affirmative, then the fruits of such seizure must be suppressed.
Although some question was raised as to the exact location of the boundary line of the real property owned by the defendant and another, we will, for the purposes of this matter, assume that the bulldozer was found on the real property of the defendant. Otherwise the defendant would not be an aggrieved person and this motion would be summarily denied. (People v. Cardaio, 24 N Y 2d 988.)
Turning then to the remaining question — whether the seizure was unlawful — it must first be determined whether a trespass was committed by the trooper in violation of the defendant’s constitutional rights.
Subdivision 5 of section 140.00 of the Penal Law, in defining the words “ enter or remain unlawfully ”, a necessary element of the crime of trespass, states: “ A person who enters or remains upon unimproved and apparently unused land, which is neither fenced nor otherwise enclosed in a manner designed to exclude intruders, does so,with license and privilege unless notice against trespass is personally communicated to him by the owner of such land or other authorized person, or unless such notice is given by posting in a conspicuous manner.”
*657 The lack of posting in a conspicuous manner and the lack of fencing or other enclosure designed to exclude intruders stand uncontroverted on the record. We are faced then only with a final factual problém and that is whether the property was ‘ unimproved and apparently unused ’ ’.
Although Trooper Plumley testified that some “ camp type ” buildings were located about 150 to 250 feet from the land upon which the bulldozer stood, he also testified that the bulldozer was located in a dense forest area which was common to the area in the vicinity of the road or driveway upon which he entered the property.
It is not every search and seizure against which constitutional protection is afforded. (People v. Rivera, 14 N Y 2d 441, cert, den. 379 U. S. 978.) Both the Federal and State Constitutions prohibit only unreasonable searches and seizures of the ‘ ‘ persons, houses, papers and effects ”. The evidence before the court on this motion negates the possibility of a finding that “ person, house, papers or effects ” of the defendant were subject to an unreasonable search and seizure, unless a trespass was committed by the trooper in entering upon the defendant’s property and the bulldozer was located within the curtilage.
Curtilage is defined as: “ The open space situated within a common enclosure belonging to a dwelling house. Anno: 38 ALB 2d 848; 13 Am J 2d Burgl § 5. Such space as is necessary and convenient, and is habitually used, for family purposes, and the carrying on of domestic employments, including a yard, a garden, or even a nearby field used in connection with the dwelling. 5 Am J. 2d Arson § 1. For the purpose of determining the existence of a right of self defense, the 1 curtilage ’ of the home will ordinarily be construed to include at least the yard around the dwelling house, as well as the area occupied by barns, cribs, and other outbuildings. State v. Frizzelle, 243 NC 49, 89 SE 2d 725, 52 ALE 2d 1455.” (Ballentine’s Law Dictionary, 3d ed.).
This .court finds that the location of the bulldozer was not within the curtilage and thus was not in an area afforded the protective mantle of section 12 of article I of the New York State Constitution or the Fourth Amendment to the United States Constitution. Furthermore, this court finds that the area traversed by the trooper up to and including the area in which the bulldozer was found was not within the curtilage and was “ unimproved and apparently unused land ”, as that phrase is used in section 140.00 of the Penal Law. Thus the trooper *658 entered upon the property with license and privilege and the constitutional rights of the defendant were not violated.
The defendant has also laid stress on the failure of the State Police to secure a warrant before proceeding to the real property of the defendant. The testimony upon this hearing unquestionably supports the defendant’s contention that sufficient time existed within which to apply for a warrant and that no emergency condition existed which would demand speedy action on the part of the trooper. The defendant’s contention in this regard is aimed directly at the issue of unreasonableness of the trooper’s actions.
This question, too, must be resolved against the defendant. The reasonableness of the actions of the trooper is to be decided upon all of the circumstances surrounding the search and seizure, not upon the practicability of obtaining a warrant. (People v. Moschitta, 25 A D 2d 686.) This court having decided that the defendant’s constitutional rights were not violated, the absence of a warrant or any attempt to secure one becomes moot.
As to the one-half ton gasoline driven roller, the record is uncontroverted that such machine was found on property of ope Joe LeBlanc subsequent to and as a result of discovery of the bulldozer. The defendant has urged that such evidence should be suppressed as ‘ ‘ fruits of the poisoned tree”. This court having determined, however, that the defendant’s constitutional rights were not violated, the defendant’s argument must fall on that ground.
The motion to suppress is, therefore, denied.
Since the only ground stated by the defendant, in the affidavit in support of the motion for dismissal, was that illegally obtained evidence had been presented to the Grand Jury in the form of the bulldozer and road roller sought to be suppressed and since suppression has been denied, the motion to dismiss is likewise denied.
Trial of the defendant on the indictment is scheduled for the week of September 18,1972 at the Hamilton County Court House. Lake Pleasant, New York.