Cooke, J.
The only issue of concern presented on this appeal is whether the trial court committed 'error in submitting to the jury, as a question of fact, whether John Clee was an accomplice. We hold that it did not.
On the evening of January 9, 1972 several young people, including defendants Basch and Bruno, as well as John Clee and Tom Joslyn, were snowmobiling with three machines in the Town of Webster, Monroe County, in the vicinity of the Kiwanis Club property. Joslyn, who was indicted with defendants for burglary in the third degree and petit larceny and who had pleaded guilty to the latter charge, swore that he and defendants broke into the clubhouse on that parcel and removed various article of personal property. Clee testified: that the group started out from the R. L. Thomas School and, although he did not know where they were going at first, he was told to follow the pack; that he was skidooing on the Kiwanis land but that at no time did he go near the clubhouse thereon; that they stopped at the top of a hill about 100 yards from the house and there came a time when defendants and Joslyn left the party and said they were going down to the house to “ [g]et some stuff ”; that one of the three, he does not remember who, told him to act as a “ lookout ”; that he, in the company of one or two others, waited at the top of the hill for them to come back; that defendants and Joslyn returned in 10 or 15 minutes with beer, pop, hotdogs, bread and ketchup, and Bruno had a telephone which Clee bought for a dollar; that Clee had a pop and defendants, after drinking some beer for awhile, went back down to the house; and that Clee and another snowmo'biler, upon hearing someone coming, took off.
The trial court charged that Joselyn was an accomplice as a matter of law, and, refusing a request made on behalf of defendant Basch, left to the jury to decide as a question of fact whether Clee was an accomplice. To this latter portion, counsel for Bruno excepted.
CPL 60.22 (subd. 2) defines an “ accomplice ” as “ a witness in a criminal action who, according to evidence adduced in such *157 action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” Although this statutory definition was intended to broaden the common-law definition of an accomplice “ as the term is applied to witnesses, in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable ” (People v. Beaudet, 32 N Y 2d 371, 378; Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 60.22, pp. 194—195; Rothblatt, Criminal Law of New York, CPL, pp. 76-77), we have recently disagreed with the proposition “ that CPL 60.22 (subd. 2, par. [b]) automatically makes every receiver an accomplice of the thief notwithstanding the absence of proof that the receiver procured or otherwise aided or. abetted the thief in the commission of the larceny ” (People v. Brooks, 34 NY 2d 475, 480).
A witness may be stamped as an accomplice if there is an evidentiary showing from which he or she may reasonably be considered to have participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged. If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination (People v. Beaudet, supra, p. 376; People v. Wheatman, 31 N Y 2d 12, 22-23; People v. Clougher, 246 N. L. 106, 111; People v. Kuss, 36 A D 2d 306, 310, affd. 32 NY 2d 436).
If it appeared from the record without dispute that Glee was a “ lookout ”, by prearrangement keeping watch to avoid interruption or detection or to provide warning during the perpetration of the crimes and thereby participating in the offenses charged (Penal Law, § 20.00; see People v. Capobianco, 18 Misc 2d 217), then we should hold that he was an accomplice as a matter of law. Here, the evidence is reasonably susceptible of differing inferences. Although one of the perpetrators told Glee to act as a “ lookout ” and he waited for them to come back, there is no proof that he agreed to such an arrangement *158 or did actually so act. In fact, when someone approached, Glee left without any indication that he had warned any of the perpetrators. Nor is there any direct proof that he aided in the preparation or execution of the crimes charged. Significantly, he paid for the telephone,' indicating at least a question of whether he had participated in the 'burglary or larceny so as to entitle him to one of the the fruits of the crimes. For these same reasons it may not be concluded, as a matter of law, that Glee was guilty of criminal facilitation in the second degree (Penal Law, § 115.00) and, therefore in this respect, to be regarded as an accomplice, as a matter of law, as having participated in “ An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” (CPL 60.22.)
Likewise, on this record, clearly it may not be said that Glee was guilty as a matter of law of criminal trespass in the third degree or of trespass (Penal Law, §§ 140.10, 140.05; cf. People v. Brown, 25 N Y 2d 374, 377) and, therefore in this last respect, that he was an accomplice as a matter of law, by virtue of having participated in either of said trespass offenses. Criminal trespass in the third degree is not applicable since there is no proof that Glee entered or remained unlawfully “ in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders ” (§ 140.10).
The proof indicates that the Edwards property consists of 20 acres and that there is a clubhouse on a private dirt driveway about a quarter of a mile off the main road. There is a field somewhere on the land and one witness testified the property is “ posted ”. The character of that part of the realty as entered upon by Glee is not described so that it can be determined if it was “ unimproved and apparently unused ”. No prosecution may be brought for trespass in violation of section 140.05 of the Penal Law when the intruder “ ‘ enters or remains upon unimproved and apparently unused land, which is neither fenced nor otherwise enclosed in a manner designed to exclude intruders,’ ” unless the prosecution can show that notice against trespass was personally communicated to the intruder by the owner of such land or other authorized person, or unless such notice was given by posting in a conspicuous manner, the basis *159 for this limitation being in the language in the last sentence of section 140.00 (Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 140.05, p. 347; see L. 1969, ch. 341, L. 1971, eh. 307; see, also, People v. Muller, 71 Misc 2d 654; People v. Dailey, 69 Misc 2d 691, 692-693). Furthermore, in prosecuting one for trespass in violation of section 140.05, it must be proved that such person ‘ ‘ knowingly ” entered the premises without license or privilege and, therefore, a person who enters upon premises accidentally, or who honestly believes that he is licensed or privileged to enter, is not guilty of any degree of criminal trespass (Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 140.05, p. 347; Penal Law, § 15.05, subd. 2; see People v. Dailey, supra, p. 692). In this regard, Olee testified that he did not see any signs and another witness stated that a lot of snowmobiles went upon the Kiwanis property.
The witness Tuchrello was asked by defendant Basch, three days after the entry into the Kiwanis building, to go down to a place “ to pick up some stuff ” and thereafter went with Basch and Joslyn to the Kiwanis property for that purpose. There was no showing that Tuchrello participated in the events of January 9, 1972 and, certainly, error was not committed in failing to charge that he was an accomplice as a matter of law.
Accordingly, the orders of the Appellate Division should be affirmed.