OPINION OF THE COURT
Chief Judge Cooke.
Defendant was convicted of criminal solicitation of perjury based solely upon the testimony of Vivian Gambino, the alleged solicitee. The issue is whether that testimony required corroboration either because Mrs. Gambino was the solicitee, or because she was an accomplice, as a matter of law.
Defendant, Raphael Berger, was indicted in Kings County and charged with three counts of grand larceny in the second degree and one count of criminal solicitation in the second degree. The larceny charges stem from an alleged fraudulent loan scheme. It was charged that defendant solicited other persons to submit falsified loan applications, the proceeds of which he would ultimately receive and retain. The solicitation charge was based upon an alleged conversation with one of the loan applicants, Vivian Gambino, in which defendant urged her to commit perjury before a Grand Jury investigating the loans. Mrs. Gambino did in fact appear before the Grand Jury and concededly lied in her testimony. A short time later, after being warned that she was in danger of being prosecuted, Mrs. Gambino returned to the Grand Jury and recanted her false testimony.
After a non jury trial, the court acquitted defendant of the larceny charges. Although the Trial Judge acknowledged that the only evidence of the solicitation was the testimony of Mrs. Gambino, he nonetheless found defendant guilty of criminal solicitation thus rejecting the argument that corroboration was required. A unanimous Appellate *217 Division reversed and dismissed the indictment. The Appellate Division held that corroboration was necessary to establish criminal solicitation of perjury, inasmuch as prior law provided that the suborner and subornee of perjury were accomplices. There should be an affirmance, but for reasons which differ somewhat from those of the Appellate Division.
At common law, it was the general rule that “the testimony of a single witness, no matter what the issue or who the person, may legally suffice as evidence upon which the jury may found a verdict” (7 Wigmore, Evidence [3d ed], § 2034, at p 259 [emphasis in original] ; see, also, People v Gibson, 301 NY 244, 245-246). Indeed, it was this rule which served, in part, to distinguish trials in common-law courts from trials in civil and ecclesiastical courts (id., § 2032). For, under the civil law, the process of proof rested on a numerical system generally requiring more than one witness. So complete was the common law’s rejection of the civil law approach that early judicial decisions carved out but one exception to the single witness rule: corroboration was necessary in criminal prosecutions for perjury (id., § 2040).[1] In more recent times, corroboration rules have been established, usually by statute, as part of the proof for certain crimes (e.g., Penal Law, § 210.50 [perjury]) or as a safeguard when particular categories of witnesses testify (e.g., CPL 60.20 [testimony of unsworn witness less than 12 years old] ; CPL 60.22 [accomplice testimony]). Thus, a court must consider both the crime charged and the particular class of witness testifying to determine whether corroboration is necessary.
As we have had occasion to note, the Legislature did not impose a corroboration requirement for the crime of criminal solicitation (People v Lubow, 29 NY2d 58, 65-66). And, it would be inappropriate for us to engraft such a rule into that statute, absent some important justification.[2] *218 None is apparent in these circumstances. While it is true that inchoate crimes such as solicitation might present special problems of proof and credibility (People v Lubow, 29 NY2d 58, 65-66, supra; see, also, Wechsler-Jones-Korn, Treatment of Inchoate Crimes in the Model Penal Code: Attempt, Solicitation and Conspiracy, 61 Col L Rev 571, 623), these differ in degree, but not in kind, from the general difficulties encountered in the fact-finding process. Courts are daily called upon to resolve questions of proof and credibility, and the single witness rule has generally proved adequate for this purpose. There is no particular reason to believe, if care is taken in fact-finding and appellate fact review, that the courts will be unable to perform their historic function in cases involving the crime of solicitation (see People v Lubow, supra, at pp 65-66). Thus, there is no basis for requiring corroboration merely because criminal solicitation is charged.
In the present case, however, this does not end the matter. Although proof of criminal solicitation itself need not be corroborated, other rules requiring corroboration of the testimony of particular categories of witnesses must be examined. Here, defendant urges that the witness, Mrs. Gambino, was an accomplice as a matter of law. This position is not without merit.
Traditionally, the law has viewed accomplice testimony with a suspicious eye (see, e.g., People v Dixon, 231 NY 111, 116; People v Everhardt, 104 NY 591, 594; People v Doyle, 21 NY 578, 579-580). While such evidence is competent,* *[3] it may often lack the inherent trustworthiness of the testimony of a disinterested witness (e.g., People v Duncan, 46 NY2d 74, 79; 7 Wigmore, Evidence [3d ed], § 2057, at p 322). This is so because one who concedes his or her own guilt of a crime and testifies against another *219 might often be doing so to curry favor with the authorities. Courts have thus exercised the utmost caution in dealing with accomplice testimony, especially when the testimony is exchanged for immunity or other favorable prosecutorial consideration (e.g., People v Duncan, supra; People v Doyle, 21 NY 578, 579, supra). And, many years ago the Legislature saw fit to provide that the uncorroborated testimony of an accomplice would not suffice for a conviction (L 1882, ch 360, § 1 [amdg Code Grim Pro, § 399]).
The modern version of the accomplice corroboration statute is CPL 60.22. That section requires corroborative evidence “tending to connect the defendant with the commission of” the offense. For purposes of the corroboration rule, an accomplice is defined as a witness who, according to the evidence adduced during the trial, “may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged” (CPL 60.22, subd 2).
It is important to emphasize that the corroboration statute’s definiton of an accomplice differs significantly from the Penal Law section that provides for accomplice criminal liability (Penal Law, § 20.00). Indeed, this court has previously recognized that CPL 60.22 broadened the definition of an accomplice “ ‘in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable’ ” (People v Basch, 36 NY2d, 154, 157, quoting People v Beaudet, 32 NY2d 371, 378). Thus, even though a witness is not liable criminally as an accomplice for the offense being tried, the witness may be an accomplice for corroboration purposes if he or she may reasonably be considered to have participated in an offense based upon some of the same facts or conduct which make up the offense on trial. Significantly, the proof need not show the participation of the witness beyond a reasonable doubt; it is sufficient if the witness may reasonably be considered to have participated. And, of course, the witness need not be actually charged with any offense to be deemed an accomplice (see, e.g., People v Basch, 36 NY2d 154, 157-158, supra).
*220 Under these principles, Vivian Gambino was an accomplice as a matter of law when she testified at defendant’s trial for criminal solicitation. When Mrs. Gambino, in response to defendant’s alleged solicitation, agreed to perjure herself before the Grand Jury and then actually did so, she became potentially liable for prosecution for the crime of conspiracy (e.g., Penal Law, § 105.00). The agreement occurred when she assented to defendant’s solicitation. An overt act occurred (Penal Law, § 105.20), if there was none prior, when she appeared before the Grand Jury and actually lied. Although the overt act is based upon conduct different from the criminal solicitation, the agreement element of the conspiracy is based upon the same facts as the solicitation. Thus, the conspiracy is based upon some of the same facts as the criminal solicitation, and Mrs. Gambino was an accomplice under GPL 60.22.[4] 5Even if the conspiracy is labeled as a separate crime, as the dissent advocates, it cannot be denied that the conspiracy is based upon some of the same facts as the solicitation. Finally, since Mrs. Gambino admitted that she agreed to lie and that she actually did so, there was no fact question as to her participation, and her accomplice status was established as a matter of law (see, e.g., People v Basch, 36 NY2d, at p 157, supra).
The suggestion in the dissenting opinion that this court is overruling People v Lubow (29 NY2d 58, supra) is difficult to understand. The Lubow case merely noted, in discussing some of the aspects of the new criminal solicitation provisions, that the solicitation statute itself does not require corroboration (id., at pp 65-66).[5] Not mentioned and *221 not at issue in Lubow was the situation where the solicitee may be viewed as an accomplice (see id.). Indeed, so far as appears, the corroboration question was not discussed or urged by the parties. In accordance with the Lubow discussion, we today hold that no corroboration requirement is imposed by the criminal solicitation statute. But, as discussed, corroboration is necessary here because the witness was an accomplice as a matter of law. Corroboration is needed not because of the particular crime charged but because of the category of witness who testified.[6]
Accordingly, it was error to convict the defendant upon the uncorroborated testimony of Mrs. Gambino, and the order of the Appellate Division should be affirmed.

. Underlying the corroboration requirement is the notion that one man’s oath is as good as another’s and absent corroboration, there is only oath against oath (e.g., Regina v Muscot, 10 Mod 192).

. The courts have not hesitated to create corroboration rules where necessary. Thus, as discussed, the common-law courts required corroboration for the crime of perjury (see n 1, supra). And, although under early New York *218 common law accomplice testimony needed no corroboration, “it was customary for judges to instruct jurors that they should not convict * * * upon the evidence of an accomplice unless such evidence was corroborated” (People v Everhardt, 104 NY 591, 594).

. Many unsuccessful attempts have been made to bar accomplice testimony from admission into evidence (see, e.g., Linsday v People, 63 NY 143, 152-154), especially through the 17th and 18th centuries in England, when accomplices were relied upon often in political prosecutions (7 Wigmore, Evidence [3d ed], § 2056, at p 312).

. When criminal solicitation is charged, it might often be the case that the solicitee declined to perform the solicited crime. In such a situation, the solicitee could not be viewed as an accomplice, having not agreed to or actually undertaken the commission of a crime.

. The following passage from Lubow — which constitutes the court’s entire discussion of the problem — demonstrates that the court was merely pointing to the lack of a corroboration requirement as a “potential difficulty”:
“There are, however, potential difficulties inherit in this penal provision which should be looked at, even though all of them are not decisive in this present case. One, of course, is the absence of any need for corroboration. The tape recording here tends to give some independent support to the testimony of Silverman, but there are types of criminal conduct which might be solicited *221 where there would be a heavy thrust placed on the credibility of a single witness testifying to a conversation. Extraordinary care might be required in deciding when to prosecute; in determining the truth; and in appellate review of the factual decision.
“One example would be the suggestion of one person to another that he commit a sexual offense; another is the suggestion that he commit perjury. The Model Penal Code did not require corroboration; but aside from the need for corroboration which is traditional in some sexual offenses, there are dangers in the misinterpretation of innuendos or remarks which could be taken as invitations to commit sexual offenses. These are discussed by Wechsler-Jones-Korn (61 Col. L. Rev., p 623, supra) with the comment that ‘it is a risk implicit in the punishment of almost all inchoate crimes’.” ■

. Contrary to the dissenting opinion’s reasoning, the absence of a corroboration requirement in the Penal Law provision proscribing criminal solicitation does not suggest that other corroboration requirements can be dispensed with. Otherwise accomplice testimony by itself could establish any substantive crime, such as murder, so long as the Penal Law provision defining that crime does not provide for corroboration.