THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID O. GRIFFIN, JR., Appellant.

Fourth Department, November 13, 1981

APPEARANCES OF COUNSEL

*Arthur J. Rumizen* for appellant.

*Ross M. Tisci* (*Michael Lipson* of counsel), for respondent.

OPINION OF THE COURT

DILLON, P. J.

The principal issue presented on this appeal is whether prostitutes are accomplices of their promoter within the meaning of CPL 60.22 (subd 2). We hold that they are, and that a defendant may not be convicted of promoting prostitution unless the prostitute's testimony is supported by corroborative evidence "tending to connect the defendant with the commission" of the crime (CPL 60.22, subd 1).

The jury found defendant guilty of three counts of promoting prostitution in violation of subdivision 1 of former section 230.25 of the Penal Law, one count of promoting

prostitution in violation of subdivision 2 of that former section, and one count of promoting prostitution in violation of former section 230.20 of the Penal Law.[1]

The first three counts charged defendant with advancing or profiting from prostitution by managing, supervising, controlling or owning a prostitution business at three different locations in the City of Syracuse: 222 Green Street from January 7, 1976 to June 8, 1976 (Count I); 900 East Water Street from January 1, 1977 to January 31, 1978 (Count II); and 500 Harrison Street from October 1, 1977 to January 31, 1978 (Count III). The fourth count charged defendant with advancing or profiting from the prostitution of a person less than 19 years of age at 900 East Water Street from August 1, 1977 to October 1, 1977.[2] The last count charged defendant with knowingly advancing or promoting prostitution at 900 East Water Street from December 1, 1977 to January 31, 1978.

At trial, defendant submitted written requests to charge that the prostitute witnesses were accomplices as a matter of law and that the testimony of one accomplice could not be used to corroborate the testimony of another.[3] Implicitly rejecting those requests, the trial court did not address the law of accomplice in its charge and charged instead that one prostitute could corroborate another prostitute. The charge was erroneous.

Until the enactment of CPL 60.22, effective September 1, 1971, an accomplice, though not statutorily defined, was judicially characterized as one who at common law might have been convicted of the offense on trial either as a principal or as an accessory before the fact *(People v Sweeney,* 213 NY 37, 46). Consistent with that characterization, it was long recognized as settled law that prostitutes were not accomplices of one another or of their promoter, and that the testimony of one prostitute could corroborate the testimony of another *(People v Jelke,* 1

---

1. It is of no concern here that the sections were amended by chapter 627 of the Laws of 1978, effective September 1, 1978.

2. Defendant was also charged with an attempt to violate subdivision 2 of former section 230.25 of the Penal Law but the jury acquitted him of that count.

3. Although the record on appeal does not contain a copy of the written requests to charge, the requests are set forth in the defendant's *pro se* brief and reference to them is found in the record. Additionally, the parties have briefed and argued the appeal on the basis that such requests were submitted.

NY2d 321, 332-333; *People v Guardino,* 265 App Div 872, affd 290 NY 749).

With the enactment of CPL 60.22, the definition of an accomplice was broadened in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable *(People v Berger,* 52 NY2d 214, 219; *People v Basch,* 36 NY2d 154, 157). For purposes of the corroboration rule, the statute defines an accomplice as a witness who, according to the evidence adduced during the trial, "may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22, subd 2). Thus it is now established that a witness "may be an accomplice for corroboration purposes if he or she may reasonably be considered to have participated in an offense based upon *some* of the same facts or conduct which make up the offense on trial" *(People v Berger, supra,* p 219).

It is not disputed here that five of the witnesses who testified at trial were prostitutes willingly engaged in activity upon which the charges against defendant of promoting prostitution were based. Since the unlawful activity of the witnesses involved offenses (Penal Law, § 230.00) based upon "some of the facts or conduct" constituting the various degrees of promoting prostitution with which defendant was charged, it would follow, upon adequate connection to the defendant, that the prostitutes were accomplices and no conviction could be had upon their testimony in the absence of corroboration. Given their status as accomplices, it would also be true that corroboration of their testimony was necessary on each separate count of the indictment *(People v Malizia,* 4 NY2d 22; *People v Goldfeld,* 60 AD2d 1) and that the testimony of one prostitute could not be used to corroborate the testimony of another *(People v Coleman,* 42 NY2d 500, 506, citing *People v Mullens,* 292 NY 408, 414, and *People v O'Farrell,* 175 NY 323, 327-328).

Before addressing the effect of the trial court's erroneous charge on the various counts of which defendant was found guilty, and because there may be a new trial on some

counts of the indictment, we turn to the second prong of defendant's argument on the accomplice issue. He urges that the sufficiency of the corroborative evidence supportive of a prostitute's testimony must be measured by a more demanding standard than that "tending to connect the defendant with the commission of [the] offense" of promoting prostitution (CPL 60.22, subd 1). He asserts that the corroborative proof required under former section 230.35 of the Penal Law[4] extends to every material fact constituting the crimes with which defendant was charged. In support of that principle, he incorrectly relies upon *People v Jelke* (1 NY2d 321, *supra)* in which the Court of Appeals, confronted by a similar argument in relation to the provisions of subdivision 9 of former section 2460 of the Penal Law, pointedly declined to resolve the issue (p 333).

There is no basis in modern law to require greater corroboration of the testimony of the prostitute who is an accomplice of the promoter than is required of the testimony of any other accomplice. CPL 60.22 establishes the corroborative evidence standard as applicable to "any offense" and should be read to embrace the crimes with which defendant was charged. While defendant would have us bifurcate the applicability of CPL 60.22 on the basis of the coexistence of that section with section 230.35 of the Penal Law, there is no need for such statutory surgery. For the period that the two sections were commonly extant, they could be read together without conflict. Former section 230.35 provided that "[a] person shall not be convicted of promoting prostitution or of an attempt to commit the same solely on the uncorroborated testimony of a person whose prostitution activity he is alleged to have advanced or attempted to advance, or from whose prostitution activity he is alleged to have profited or attempted to profit". The section made no declaration of accomplice status nor did it address the quality of the required corroboration;[5] with the enactment of CPL 60.22, both subjects were addressed.

---

4. This section was added by chapter 1030 of the Laws of 1965, effective September 1, 1967, and related to corroboration of the crime of promoting prostitution. Although it was repealed by section 5 of chapter 627 of the Laws of 1978, it was in effect on the dates of the crimes charged in the indictment.

5. Concededly, at least one court was of the view that it was necessary to corroborate every material element of the crime charged, but it does not appear that applicability of CPL 60.22 was an issue (see *People v Block,* 71 Misc 2d 714).

In repealing former section 230.35 and replacing it with the statute now in effect (L 1978, ch 627, § 5), the Legislature gave strong indication that the corroborative standard applicable generally to accomplice testimony was to be applied to accomplice testimony received under the former section. Section 230.35 now provides: "In a prosecution for promoting prostitution, a person less than seventeen years of age from whose prostitution activity another person is alleged to have advanced or attempted to advance or profited or attempted to profit shall not be deemed to be an accomplice."

The section must reasonably be read to imply that prostitutes 17 years of age or older are accomplices of their promoter and held such status during the period when former section 230.35 coexisted with CPL 60.22. We thus conclude that the testimony of prostitute accomplices received against their promoter must be supported by corroborative evidence "tending to connect the defendant with the commission of [the] offense" (CPL 60.22, subd 1; see *People v Duncan,* 46 NY2d 74, 79, cert den 442 US 910).

In applying those principles, we need only briefly allude to the facts. When defendant was released on parole from the Auburn Correctional Facility in April, 1973, he took up residence in Auburn, New York, where he was employed by the Cayuga County Action Program. That employment was continued until his parole was revoked in July, 1978.

Count I of the indictment relates to the operation of a prostitution business or enterprise at 222 Green Street in the City of Syracuse. It is alleged that in the City of Auburn the defendant procured the persons to engage in that prostitution business and that from Auburn he supervised and controlled that business.

The testimony indicates that from January, 1976 until June, 1976 three women, Patricia Squires, Rebecca Adams and Debra Wilson, engaged in prostitution at 222 Green Street. The City of Syracuse Police made arrests for prostitution at that address on April 8, 1976 and again on June 8, 1976. Patricia Squires was arrested on April 8, 1976; Adams on June 8, 1976 and Wilson was arrested on both occasions. Both Adams and Wilson insisted throughout

their testimony that their prostitution was not induced by defendant; that the prostitution business at 222 Green Street was not managed, controlled or supervised by defendant; that neither had ever shared her earnings with the defendant; and that neither had a promoter. If such testimony was accepted as true, neither was the accomplice of the defendant and, in fact, the defendant was not guilty of the crime charged.

The testimony of Patricia Squires, however, was more direct and compelling. From that testimony the jury reasonably could have concluded that defendant induced her into prostitution at 222 Green Street, and that he was the entrepreneur of the unlawful activity at those premises. The testimony of nonaccomplices Cindy Squires and Diane Faatz was sufficiently corroborative of the testimony of Patricia Squires. Indeed, defendant's trial counsel conceded the adequacy of the corroborative proof and beyond that concession there is other corroborative circumstantial evidence to be found in the record.

It follows from the foregoing that the court's failure to have charged the law of accomplice and the court's affirmative charge that one prostitute could corroborate another simply had no application to the first count of the indictment. The judgment of conviction as to that count should be affirmed.

As to the remaining counts upon which defendant was convicted, there should be a reversal and a new trial. We can only conclude on this record that the court's charge permitting the jury to consider the testimony of one prostitute as corroborative of the testimony of another necessarily had an impermissibly prejudicial impact upon the jury's deliberations. While the competent corroborative evidence upon which the jury could have found defendant guilty on these counts was sufficient, we are unable to find that it was overwhelming (see *People v Crimmins,* 36 NY2d 230, 241-242).

We have reviewed the other issues raised by defendant and find them to be without merit.

Accordingly, the judgment of conviction as to Counts II, III, IV and VI of the indictment should be reversed and a

new trial granted; otherwise the judgment should be affirmed.

HANCOCK, JR., CALLAHAN, DOERR and SCHNEPP, JJ., concur.

Judgment unanimously modified, and as modified affirmed, in accordance with opinion by DILLON, P.J.