■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY CALHOUN, Appellant. — Appeal by defendant from a judgment of the Supreme Court,

Queens County (Tsoucalas, J.), rendered June 20, 1980, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. This case arises out of a robbery at a gas station alleged to have been committed by defendant and another man acting in concert. The other man, who was armed with a gun, shot a gas station employee during the course of the incident. At the joint trial defendant took the stand on his own behalf. He admitted being present during the robbery, but contended that he was there for an entirely innocent purpose (to retrieve some shoes he had left behind during his previous employment there). He testified that the actions he took during the incident, in response to his codefendant's directions, were done solely out of fear that he would be shot if he did not obey. His testimony fully implicated his codefendant. In charging the jury on the requirement of corroboration of an accomplice's testimony (CPL 60.22), the court instructed them "as a matter of law, that Mr. Calhoun who has testified in this case, is an accomplice of the [codefendant], if you believe his testimony." This was error. Based upon the proof in this case, particularly defendant's testimony, the question of whether defendant was an accomplice of the codefendant was a question of fact for the jury. "If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition [CPL 60.22], the question should be left to the jury for its determination" (*People v Basch,* 36 NY2d 154, 157; see, also, *People v Dorler,* 53 NY2d 831; *People v Berger,* 52 NY2d 214; *People v Arce,* 42 NY2d 179). Although this charge was beneficial to the codefendant, requiring the jury to find corroboration for defendant's testimony, in effect, it instructed the jury that even if it believed defendant's testimony that he was an innocent bystander who only acted out of fear for his life, he was the codefendant's accomplice. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.