■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BENNETT, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from his conviction for the crime of promoting prostitution in the second degree (Penal Law § 230.30 [1]), defendant argues that there was insufficient corroborative evidence of the complaining witness's testimony to sustain his conviction. The People respond that corroboration was unnecessary because she was not an accomplice.

In *People v Griffin* (83 AD2d 180), this court held that individuals engaged in prostitution are accomplices of their promoters within the meaning of CPL 60.22. In that case, defendant was found guilty of three counts of promoting prostitution in violation of Penal Law former §§ 230.20, 230.25

(1), (2). In order to convict a promoter under each of the foregoing sections of the Penal Law, it matters not whether the prostitute witness acted willingly. In contrast, section 230.30 (1) reads:

"A person is guilty of promoting prostitution in the second degree when he knowingly:

"1. Advances prostitution by compelling a person by force or intimidation to engage in prostitution, or profits from such coercive conduct by another".

The difference between these crimes is obvious. To deem a person an accomplice who, under the definition of the crime being charged, was compelled by force or intimidation to engage in criminal conduct would be illogical. We conclude, therefore, that the corroboration requirements of CPL 60.22 have no applicability because the complaining witness, under the facts presented, was a victim of defendant's criminal conduct rather than his accomplice.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—promoting prostitution, second degree, and other charges.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.