■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FELTON, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 20, 1987, convicting defendant, after a jury trial, of five counts of grand larceny in the second degree (Penal Law § 155.35 [later amended]), grand larceny in the third degree (Penal Law § 155.30 [later amended]), eight counts of forgery in the second degree (Penal Law § 170.10), criminal possession of a forged instrument in the second degree (Penal Law § 170.25), five counts of commercial bribe receiving in the second degree (Penal Law § 180.05), 11 counts of falsification of books, reports and statements (Banking Law § 672 [1]), and three counts of abstraction or misappropriation of funds (Banking Law § 673) and sentencing him to concurrent terms of imprisonment of from 1 to 3 years for the first 29 counts and one year on the remaining five counts, unanimously modified, on the law, to reverse the conviction and remand for a new trial with respect to counts 1-5, 7-14, 17-26, 28-34, and otherwise affirmed.

Defendant, chairman of the credit committee of the Empire Branch 36 National Association of Letter Carriers Credit Union from 1980 to 1985, was charged in a 34-count indictment citing each of the crimes of which he was ultimately convicted. The charges stemmed from a scheme defendant orchestrated and carried out over the course of several years, including the period from the early 1980's through mid-1980's, in which fraudulent loans were issued through the credit union, with defendant pocketing part of the proceeds and receiving substantial gratuities for having arranged the loans.

As conceded by the People on appeal, it was error for the trial court to deny defendant's request for a charge on accomplice corroboration on 30 of the counts submitted to the jury. An accomplice is defined as a witness who, according to the evidence at trial, "may reasonably be considered to have participated in * * * [t]he offense charged; or * * * [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged." (CPL 60.22 [2] [a], [b]; *People v Leon,* 121 AD2d 1, 6, citing *People v Basch,* 36 NY2d 154, 156-157.) When a witness is established to be an accomplice, the defendant cannot be convicted upon the witness's testimony unless it is supported by "corroborative evidence tending to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]; *People v Moses,* 63 NY2d 299, 306), and the court must so charge the jury. *(People v Minarich,* 46 NY2d 970.)

Here, the People presented nine witnesses who described how defendant assisted them in obtaining fraudulent loans, in return for "tips". The testimony required the witnesses to admit their own criminal conduct, including the forgery of loan applications and checks. Thus, these witnesses whose testimony constituted the evidence for the counts 1-5, 7-14, 17-26 and 28-34, had clearly participated in the offenses charged, and the failure to instruct the jury on the accomplice corroboration requirement was necessarily harmful error. *(People v Minarich, supra,* at 971; *People v Leon, supra,* at 6.)

The remaining four counts, 6, 15, 16 and 27, relate to a loan check which defendant drew from the account of a credit union member who had neither benefited from nor participated in the fraudulent transaction. Indeed, this witness testified that he specifically refused to permit defendant to utilize his account to obtain a bogus loan and, when defendant nevertheless did so, that he refused to sign a "release" purporting to have authorized defendant's issuance of the loan. Defendant's commission of these crimes was firmly established by both testimonial and documentary evidence, and there is no basis for the court to disturb the jury's verdict with respect thereto.

We have examined defendant's remaining contentions on appeal and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.