THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. CORREA, Appellant. [930 NYS2d 888]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that the County Court should have instructed the jury that a certain prosecution witness was an accomplice as a matter of law. " '[I]f the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity . . . the question should be left to the jury for its determination' " (*People v Sweet*, 78 NY2d 263, 266 [1991], quoting *People v Basch*, 36 NY2d 154, 157 [1975]). Here, since the evidence in this regard was susceptible of more than one interpretation, the County Court properly instructed the jury to determine whether the witness was an accomplice (*see People v Besser*, 96 NY2d 136, 147 [2001]; *People v Cardona*, 17 AD3d 692, 693 [2005]; *People v Cirigliano*, 15 AD3d 672, 673 [2005]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.