# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1441

KA 10-01434

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN F. KAMINSKI, DEFENDANT-APPELLANT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 5, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), defendant contends that County Court erred in denying his request to charge the jury that a witness was an accomplice as a matter of law. We reject that contention.

"An 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in . . . [t]he offense charged[] or . . . [a]n offense based upon the same or some of the same facts or conduct [that] constitute the offense charged" (CPL 60.22 [2] [a], [b]; *see People v Berger*, 52 NY2d 214, 219). "If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination" (*People v Basch*, 36 NY2d 154, 157). Here, "different inferences could reasonably be drawn regarding the witness's complicity in the [burglary]" (*People v Marrero*, 272 AD2d 77, 77-78, *lv denied* 95 NY2d 855), and the court therefore properly submitted the issue to the jury (*see Basch*, 36 NY2d at 157-158; *People v Green*, 225 AD2d 1077, *lv denied* 88 NY2d 879). In any event, even assuming, arguendo, that the witness was an accomplice whose testimony required corroboration, we conclude that her testimony was sufficiently corroborated by other evidence tending to connect defendant with the commission of the crime (*see generally People v Reome*, 15 NY3d 188,

191-192; *People v Breland*, 83 NY2d 286, 292-293).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court