# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**878**

**KA 08-02526**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MERLIN G. SAGE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered September 15, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that County Court erred in refusing to submit to the jury the issue whether a prosecution witness was an accomplice. We note at the outset that we do not agree with the People that defendant failed to preserve his contention for our review. We also note our agreement with defendant that, because the court did not refuse to submit to the jury the issue whether a prosecution witness was an accomplice on the basis that there was no evidence that the witness received or expected to receive a benefit from his testimony, we are barred by CPL 470.15 (1) from affirming the judgment on that ground (*see People v Concepcion*, 17 NY3d 192, 194-195).

Nevertheless, we conclude that defendant's contention lacks merit. The term accomplice "means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in . . . [t]he offense charged[] or . . . [a]n offense based upon the same or some of the same facts or conduct [that] constitute the offense charged" (CPL 60.22 [2] [a], [b]). " 'If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination' " (*People v Kaminski*, 90 AD3d 1692, 1692, quoting *People v Basch*, 36 NY2d 154, 157). The court

properly concluded herein "that the witness in question may not reasonably be considered to have participated in the offenses charged or offenses based upon the same or some of the same facts or conduct that constitute the offenses charged[, and thus that] . . . there was an insufficient basis upon which to submit [the witness's] accomplice status to the jury" (*People v McPherson*, 70 AD3d 1353, 1354, *lv denied* 14 NY3d 890 [internal quotation marks omitted]; *see People v Jones*, 73 NY2d 902, 903, *rearg denied* 74 NY2d 651; *People v Tucker*, 72 NY2d 849, 849-850).  We note in any event that there was overwhelming evidence corroborating the testimony of that witness (*see People v Hill*, 236 AD2d 799, 800, *lv denied* 89 NY2d 1036; *People v Kimbrough*, 155 AD2d 935, 935, *lv denied* 75 NY2d 814; *see also Kaminski*, 90 AD3d at 1692; *see generally People v Reome*, 15 NY3d 188, 191-192).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court