■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY RILEY, Appellant. [59 NYS3d 97]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered October 20, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The defendant was convicted of murder in the second degree and two counts of criminal possession of a weapon in the second degree in connection with the shooting death of a man outside the residence of Gary Gill in Queens. The People presented the testimony of two eyewitnesses. One eyewitness testified that shortly before the shooting, he saw a white Range Rover with three people in it pull up outside Gill's residence, and that Gill and another man, whom the eyewitness could not identify, exited the vehicle. This eyewitness testified that Gill was waving a gun, which Gill then gave to the other man, and that Gill told the other man to shoot. The other man then began shooting. The second eyewitness, however, testified that he was the driver of the white Range Rover, that only Gill was a passenger

in the vehicle with him, and that Gill did not have a gun. As they were driving back to Gill's residence, the second eyewitness saw the defendant riding in a car driven by another man. The Range Rover and the car pulled up at Gill's driveway almost simultaneously. The defendant exited the car holding a gun. The defendant chased after the victim and began shooting.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's' guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). On reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, reversal of the judgment is required because the Supreme Court failed to provide the jury with an accomplice-in-fact charge. "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). A witness in a criminal action is an accomplice if he or she "may reasonably be considered to have participated in . . . the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged" (*People v Caban*, 5 NY3d 143, 154 [2005] [internal quotation marks omitted]; *see* CPL 60.22 [2] [b]). A witness who is a criminal facilitator is an accomplice for corroboration purposes (*see People v Basch*, 36 NY2d 154, 158 [1975]; *People v Lumnah*, 81 AD3d 1175, 1176 [2011]). The factual issue of whether a particular witness is an accomplice should be submitted to the jury if different inferences may reasonably be drawn from the proof regarding complicity (*see People v Basch*, 36 NY2d at 157; *People v Correa*, 88 AD3d 810, 811 [2011]).

Here, different inferences may reasonably be drawn (*see People v Basch*, 36 NY2d at 157) as to whether the second eyewitness drove Gill and the shooter to the scene, with the knowledge that one or the other of them intended to use the gun. Under these circumstances, the Supreme Court erred in failing to provide the jury with an accomplice-in-fact charge. The error

was not harmless, because the evidence of the defendant's guilt was not overwhelming. It is possible that the jury, properly charged on whether to treat the second eyewitness as an accomplice, and, if so, how to consider his testimony, could have discounted his version of the events. In that case, it was for the jury to decide whether the remaining evidence established the defendant's guilt beyond a reasonable doubt (*see People v Sage*, 23 NY3d 16, 27-29 [2014]).

The defendant's remaining contentions are either without merit or need not be reached in light of our determination. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.