People v Douglas (2018 NY Slip Op 02397)





People v Douglas


2018 NY Slip Op 02397


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


4558/04 -6227 6226 6225

[*1]The People of the State of New York, Appellant,
v
Amir Douglas, Respondent.
The People of the State of New York, Respondent,
v
Amir Douglas, Defendant-Appellant.


Darcel D. Clark, District Attorney, Bronx (Lori A. Farrington of counsel), for appellant/respondent.
Christina Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for respondent/appellant.



Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered May 24, 2007, convicting defendant, after a jury trial, of gang assault in the first degree and two counts of assault in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial. Appeal from order, Supreme Court, Bronx County (April Newbauer, J.), entered on or about March 23, 2017, which granted defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously dismissed, as academic.
We conclude that the lack of an accomplice corroboration charge (see CPL 60.22) warrants a new trial, and we reach this unpreserved issue in the interest of justice. The People's case against defendant was based almost entirely on the testimony of three witnesses, each of whom was either an accomplice as a matter of law or a person who could reasonably be viewed by the jury as an accomplice as a matter of fact (see People v Sage, 23 NY3d 16, 23 [2014]; People v Berger, 52 NY2d 214, 219 [1981]). While there was some nonaccomplice evidence, it was far from extensive (see Sage, 23 NY3d at 27-28). In fact, one of the only other witnesses undermined the accomplice testimony by establishing that defendant was not initially identified as a perpetrator of the underlying assault.
Moreover, we conclude that counsel's admittedly nonstrategic failure to request the instruction constituted ineffective assistance under all the circumstances of the case (see People v Caban, 5 NY3d 143, 152 [2005]).
We have considered and rejected defendants' arguments for dismissal, addressed to the [*2]sufficiency and weight of the evidence. Since we are ordering a new trial, we find it unnecessary to reach any other issues raised on defendant's appeal from the judgment. In light of the foregoing, the People's appeal from the order granting defendant's CPL 440.10 motion is academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK