■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAJUAN PAUL, Appellant. [747 NYS2d 615] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered May 15, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed under the count of criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed for robbery in the first degree under counts 10 through 13 of the indictment, as renumbered by County Court, and as modified the judgment is affirmed.

Memorandum: Defendants were convicted following a joint jury trial of crimes arising from two separate robberies of an illegal gambling house in Syracuse in April 2000. Contrary to the contentions of both defendants, County Court properly refused to submit to the jury the issue whether two prosecution witnesses were accomplices to the second robbery for purposes of the statute requiring corroboration of accomplice testimony (*see* CPL 60.22 [2]). "[T]he record is devoid of proof that the witnesses participated in any way in the preparations, or were at all involved in the [second robbery] itself" (*People v Napolitano,* 215 AD2d 782, 782, *lv denied* 86 NY2d 799; *see People v Brooks,* 34 NY2d 475, 479-480). Although one of the two witnesses was an accomplice after the fact, "[t]he corroboration requirement of CPL 60.22 (1) does not apply to that witness because he learned of [the second robbery] after [it was] committed" (*People v Pepe,* 259 AD2d 949, 949, *lv denied* 93 NY2d 1024).

The further contention of each defendant that his respective conviction of two counts of burglary in the second degree (Penal Law § 140.25 [1] [a]) is not supported by legally sufficient evidence is unpreserved for our review (*see People v Gray,* 86 NY2d 10, 19), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendants' contentions that the court erred in instructing the jury on the issue of identifica-

tion are also unpreserved for our review (*see* 470.05 [2]). In any event, those contentions are without merit (*see People v Whalen,* 59 NY2d 273, 279). Also without merit are defendants' contentions that the count of the indictment charging criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) should be dismissed as an inclusory concurrent count of the count charging criminal possession of a weapon in the second degree (§ 265.03 [2]; *see* CPL 300.30 [4]; *People v Saulters,* 255 AD2d 896, *lv denied* 92 NY2d 1038; *People v Baro,* 236 AD2d 307, 307-308, *lv denied* 89 NY2d 1032).

The contention of defendant Tajuan Paul that the court erred in instructing the jury on his alibi defense is unpreserved for our review (*see* CPL 470.05 [2]). In any event, that contention is without merit (*see People v Victor,* 62 NY2d 374, 377-378). The contention of defendant Shondell Paul that the prosecutor committed reversible error in summation also is unpreserved for our review (*see* 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We have reviewed the contentions of defendant Tajuan Paul in his pro se supplemental brief and conclude that those contentions are without merit.

Finally, although the sentences are not unduly harsh or severe, the sentence imposed upon each defendant under the count of criminal possession of a weapon in the second degree is legal to the extent that it is to run consecutively to the sentences imposed under counts one through nine but is illegal to the extent that it is to run consecutively to the sentences imposed upon each defendant for robbery in the first degree (Penal Law § 160.15 [2]) under counts 10 through 13 of the indictment, as renumbered by the court (*see* § 70.25 [2]; *People v Spells,* 277 AD2d 476, 479, *lv denied* 95 NY2d 969, 96 NY2d 763; *People v Sessoms,* 200 AD2d 850, 851, *lv denied* 83 NY2d 915). We therefore modify the judgments by directing that the sentence imposed upon each defendant under the count of criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed upon each defendant for robbery in the first degree under counts 10 through 13 of the indictment, as renumbered by the court. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.