■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURGESS, Appellant. [836 NYS2d 94]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered March 10, 2004, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life and 15 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490 [1987]).

The prosecution satisfied its burden of establishing that a witness's single-photo identification of defendant was confirmatory (*see People v Rodriguez*, 79 NY2d 445 [1992]; *People v Cotto*, 222 AD2d 345 [1995], *lv denied* 88 NY2d 846 [1996]). Although the witness did not know defendant's name, he had seen defendant in the vicinity of his apartment building every day for a few months and often in the company of the witness's supplier of narcotics. Defendant had also been in the witness's apartment on the night of the shooting. Furthermore, the witness saw defendant on the street and called the police approximately a week after the homicide, and made the photo identification that same day.

The court properly declined to submit to the jury the issue of whether the prosecution's main witness was an accomplice in fact, whose testimony would thus require corroboration (*see* CPL 60.22). There was no evidence from which it could reasonably be inferred that the witness participated in the planning or the execution of the crimes (*see People v Jones*, 73 NY2d 902 [1989]). Even assuming, without deciding, that the jury could

reasonably have found that the witness hindered prosecution as an accessory after the fact, this would not bring the witness within the reach of the accomplice corroboration requirement (*see e.g. People v Tusa*, 137 AD2d 151, 157-159 [1988], *lv denied* 72 NY2d 1050 [1988]).

Defendant's evidentiary claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.