◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY C. WASHINGTON, Appellant. [856 NYS2d 404]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 24, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]). We reject the contention of defendant that Supreme Court erred in refusing to submit to the jury the issue whether the People's principal witness was an accomplice. "To be an accomplice the witness must have taken part in the preparation or perpetration of the crime, with intent to assist in the crime" (*People v Beaudet*, 32 NY2d 371, 375 [1973]), and there is no evidence that the People's principal witness shared defendant's criminal intent or, indeed, was aware that defendant possessed a weapon (*see generally People v Jones*, 73 NY2d 902 [1989], *rearg denied* 74 NY2d 651 [1989]; *People v Paul*, 298 AD2d 849 [2002], *lv denied* 99 NY2d 562 [2002]; *People v Brazeau*, 162 AD2d 979,

980 [1990], *lv denied* 76 NY2d 891 [1990]). In any event, we note that the initial statement of the witness to the police upon which defendant relies, i.e., that an individual other than defendant was the shooter, made her at most an accessory after the fact. "Even assuming, without deciding, that the jury could reasonably have found that the witness hindered prosecution as an accessory after the fact, [we conclude that] this would not bring the witness within the reach of the accomplice corroboration requirement" (*People v Burgess*, 40 AD3d 322, 322-323 [2007], *lv denied* 9 NY3d 921 [2007]; *see also Paul*, 298 AD2d at 849). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Smith, Lunn and Peradotto, JJ.