■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McPHERSON, Appellant. [894 NYS2d 710]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered August 6, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and grand larceny in the fourth degree (§ 155.30 [1]). Contrary to defendant's contention, County Court properly admitted in evidence an audiotape of a conversation between defendant and a prosecution witness. The People laid a proper foundation for the admission in evidence of the audiotape through the testimony of that witness (*see People v Morrice*, 61 AD3d 1390, 1390-1391 [2009]; *see generally People v Ely*, 68 NY2d 520, 527 [1986]). Contrary to defendant's further contention, the court properly determined as a matter of law that the same prosecution witness was not an accomplice and thus properly refused to submit to the jury the issue whether that witness was an accomplice. "An 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) [t]he offense charged; or (b) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]; *see People v Berger*, 52 NY2d 214, 219 [1981]). "If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity, according to the statutory definition, the question should be left to the jury for its determination" (*People v Basch*, 36 NY2d 154, 157 [1975]; *see People v Adams*, 307 AD2d 475, 475-476 [2003], *lv denied* 1 NY3d 566 [2003]).

Here, the court properly concluded that the witness in question may not reasonably be considered to have participated in the offenses charged or offenses based upon the same or some of the same facts or conduct that constitute the offenses charged (*see* CPL 60.22 [2]). She thus "was not an accomplice as a matter of law and there was an insufficient basis upon which to submit her accomplice status to the jury" (*People v Freeman*, 305 AD2d 331, 331 [2003], *lv denied* 100 NY2d 594 [2003]; *see People v Jones*, 73 NY2d 902, 903 [1989], *rearg denied* 74 NY2d 651 [1989]; *People v Brazeau*, 162 AD2d 979 [1990], *lv denied* 76 NY2d 891 [1990]). Because the witness was not an accomplice, the People were not required to corroborate her testimony (*see generally* CPL 60.22 [1]). We therefore conclude that defendant's contention that the evidence is legally insufficient to support the conviction because the testimony of that witness was not corroborated is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defend-

ant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We have considered defendant's remaining contention and conclude that it is without merit. Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.