■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARCY McPHERSON, Appellant. [917 NYS2d 452]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered August 6, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and grand larceny in the fourth degree (§ 155.30 [1]). As we previously determined on the appeal of the codefendant, the People laid a proper foundation for the admission in evidence of an audiotape of a conversation between defendant and a prosecution witness, and thus County Court properly admitted the audiotape in evidence (*People v McPherson*, 70 AD3d 1353, 1354 [2010], *lv denied* 14 NY3d 890 [2010]). Defendant's remaining contentions regarding the audiotape are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Additionally, as we previ-

ously determined on the appeal of the codefendant, the court properly determined that the prosecution witness in question was not an accomplice as a matter of law and thus properly refused to submit to the jury the issue whether that witness was an accomplice (*McPherson*, 70 AD3d at 1354). Defendant failed to preserve for our review his contention that an additional prosecution witness was an accomplice as well (*see People v Weeks*, 15 AD3d 845, 846 [2005], *lv denied* 4 NY3d 892 [2005]; *see also People v Lipton*, 54 NY2d 340, 351 [1981]), and in any event we conclude that the additional prosecution witness also was not an accomplice as a matter of law (*see People v Washington*, 50 AD3d 1616 [2008], *lv denied* 11 NY3d 796 [2008]; *Weeks*, 15 AD3d at 846). Because neither of those prosecution witnesses was an accomplice, the People were not required to corroborate their testimony (*see generally* CPL 60.22 [1]). We therefore conclude that defendant's contention that the evidence is legally insufficient to support the conviction because the testimony of those witnesses was not corroborated is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's further contention that the evidence is legally insufficient because there was no direct evidence connecting defendant to the forged check is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational juror to convict defendant of both crimes (*see People v Santi*, 3 NY3d 234, 246 [2004]; *Bleakley*, 69 NY2d 490, 495 [1987]). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.