■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL MARTINEZ, Appellant. [874 NYS2d 80]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered June 8, 2006, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of five years, unanimously affirmed.

The court properly declined to submit to the jury the issue of whether one of the prosecution witnesses was an accomplice in fact, whose testimony would thus require corroboration (*see*

CPL 60.22). Although the witness accompanied defendant and was present at the scene, defendant's theory under which the witness can be viewed as having participated in the shooting is based on speculative inferences, and is contradicted by the trial testimony. Even if, by discarding the weapon after the shooting, the witness acted as an accessory after the fact, this would not make him an accomplice within the meaning of the statute (*see People v Burgess*, 40 AD3d 322 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Stanley*, 273 AD2d 132 [2000], *lv denied* 96 NY2d 835 [2001]). In any event, any error in failing to deliver an accomplice corroboration charge was harmless (*see People v Gumbs*, 56 AD3d 345, 347-348 [2008]).

Defendant was not prejudiced by portions of the prosecutor's opening statement that set forth alleged hearsay evidence that ultimately did not come into evidence during the trial. The jury is presumed to have followed the court's instructions that opening statements are not evidence and that it was required to render a verdict based only on the evidence. In any event, the evidence at issue was generally admissible, not for its truth, but for legitimate nonhearsay purposes (*see People v Reynoso*, 2 NY3d 820 [2004]; *People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.