Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered May 8, 2008, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.
*626 The court properly declined to submit to the jury the issue of whether a prosecution witness was an accomplice, whose testimony would thus require corroboration (see CPL 60.22). The testimony of the victim as well as the surveillance video provided no reasonable basis to find that the witness, who denied any involvement, acted as an accomplice in the robbery (see People v Sweet, 78 NY2d 263, 266 [1991]). Defendant’s theory that the witness acted as a lookout or played some other role in the robbery is both speculative and contradicted by the evidence (see e.g. People v Martinez, 59 AD3d 361 [1st Dept 2009], lv denied 12 NY3d 917 [2009]).
In any event, any error in failing to deliver an accomplice corroboration charge was harmless (see id.). There was ample evidence to meet the standard for corroboration of accomplice testimony (see People v Breland, 83 NY2d 286, 293 [1994]), and there is no reasonable possibility that an accomplice-in-fact charge would have affected the verdict.
Concur — Moskowitz, J.P, Richter, Manzanet-Daniels, Clark and Kapnick, JJ.