People v Folks (2018 NY Slip Op 08064)





People v Folks


2018 NY Slip Op 08064


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


982/10 7690 7689

[*1]The People of the State of New York, Respondent,
v
Lawrence Folks, Defendant-Appellant.


Rosemary Herbert, Office of The Appellate Defender, New York (Anastasia B. Heeger of counsel), for appellant.
Lawrence Folks, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered July 24, 2013, as amended October 24 and 28, 2013, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, and order (same court and Justice), entered on or about August 13, 2015, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The record supports the court's finding, made after conducting a hearing pursuant to Massiah v United States (377 US 201 [1964]), that defendant's right to counsel was not violated by recorded phone calls between defendant and his cousin, a cooperating witness, made while defendant was incarcerated pending trial. The witness was not a government agent, and there was no "knowing exploitation by the State of any opportunity to confront the accused without counsel being present" (Maine v Moulton, 474 US 159, 176 [1985]; see also United States v Henry, 447 US 264 [1980]). Nothing in the cooperation agreement made the witness an agent of the prosecution; it merely provided that, in return for certain benefits such as assistance with a parole violation, the witness would give truthful testimony about past events. There was not even an implication that collecting new evidence against defendant would benefit the witness in any way. Moreover, the prosecution did nothing to render it likely that the witness would elicit incriminating evidence. Although the prosecutor had asked the witness to record phone calls from persons who had been engaging in possible witness tampering, defendant himself had not spoken to the witness in more than two years, and the prosecutor never suggested or implied that in the event defendant called her she should also record those calls, let alone that she should elicit any evidence. Finally, any error was harmless because the only evidence derived from the calls consisted of minor consciousness-of-guilt evidence that added little to the People's case.
The court properly declined to submit to the jury the issue of whether the cooperating witness was an accomplice, whose testimony would thus require corroboration (see CPL 60.22), because there was no reasonable view of the evidence to support such a charge. Although the witness promoted, and expected to benefit from, a drug transaction between defendant and the victim, who was the witness's boyfriend, defendant's assertion that she may have known that the victim would be robbed or killed is purely speculative (see e.g. People v Martinez, 59 AD3d 361 [1st Dept 2009], lv denied 12 NY3d 917 [2009]). Furthermore, an accomplice charge was not warranted by the fact that, among other benefits, the cooperation agreement protected the witness from prosecution for the murder. The record does not reveal that any evidence connecting her to that crime ever developed, and that provision of the agreement ultimately proved unnecessary.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d [*2]342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations.
We have considered and rejected defendant's pro se ineffective assistance of counsel claim on the merits (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant's remaining pro se claims are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK